UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.,

                                                Plaintiffs,

-against-                                          Docket No.: 19-cv-04414
                                                                           (KAM)(RLM)

WELLMART RX, INC., et al.,

                                               Defendants.
----------------------------------------------X

## AFFIDAVIT IN SUPPORT OF CERTIFICATE OF DEFAULT

STATE OF NEW YORK    )
                               ) SS.:
COUNTY OF NASSAU    )

Priscilla D. Kam, being duly sworn, deposes and says:

      1.     I am a member of the Bar of this Court and an attorney with the law firm of Rivkin Radler LLP, attorneys for Government Employees Insurance Company, Geico Indemnity Company, Geico General Insurance Company, and Geico Casualty Company ("Plaintiffs"), the Plaintiffs in the above captioned action. I am fully familiar with the facts and circumstances set forth in this affidavit.

      2.     I submit this affidavit pursuant to Rule 55.1 of the Local Civil Rules for the Eastern District of New York, in support of Plaintiffs' application for a certificate of default against the Defendant, Denny Rodriguez, M.D. (hereinafter "Defendant" or "Rodriguez").

      3.     This is an action seeking damages against, among others, Defendant Rodriguez arising from a systematic defrauding of the Plaintiffs by the Defendants, including Rodriguez.

4. Jurisdiction of the subject matter of this action is based upon 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Pursuant to 28 U.S.C. § 1331, this Court also has jurisdiction over the claims brought under 18 U.S.C. §§ 1961 et seq. (the Racketeer Influenced and Corrupt Organizations ["RICO"] Act) because they arise under the laws of the United States. In addition, this Court has supplemental jurisdiction over the subject matter of the claims asserted in this action pursuant to 28 U.S.C. § 1367. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Eastern District of New York is the District where one or more of the Defendant reside and because this is the District where a substantial amount of the activities forming the basis of the Complaint occurred.

5. The Complaint in this action was filed on July 31, 2019 (*See* Docket Entry No. 1). A true and correct copy of the Summons and Complaint was served on Defendant Rodriguez on August 7, 2019. Proof of service was filed on August 19, 2019 (*See* Docket Entry No. 14).

6. Pursuant to the requirements of 50 U.S.C. § 521(b), I have made a careful investigation of whether Defendant Rodriguez is in the military. As a result of my investigation, I can state that Defendant Rodriguez is not in military service. Attached as Exhibit "A" is an affidavit of service confirming that Defendant Rodriguez is not in military service.

7. The Defendant Rodriguez has not answered the Complaint and the time for the Defendant to answer the Complaint has expired.

8. This action seeks judgment against Defendant Rodriguez for declaratory relief, compensatory damages, punitive damages, treble damages, costs and reasonable counsel fees.

Dated: Uniondale, New York
      September 6, 2019

_____
Priscilla D. Kam

# Exhibit "A"

Department of Defense Manpower Data Center                                    Results as of: Sep-06-2019 03:49:17 PM
                                                                                                   SCRA 5.0



# Status Report
## Pursuant to Servicemembers Civil Relief Act

**SSN:**
**Birth Date:** Mar-XX-1964
**Last Name:** RODRIGUEZ
**First Name:** DENNY
**Middle Name:** XAVIER
**Status As Of:** Sep-06-2019
**Certificate ID:** MFBQJRLJD1MJVBJ

| On Active Duty On Active Duty Status Date ||||
| --- | --- | --- | --- |
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
| --- | --- | --- | --- |
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
| --- | --- | --- | --- |
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Michael V. Sorrento* (signature)

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.