

WWW.RIVKINRADLER.COM

**JENNIFER ABREU**
(516) 357-3218
jennifer.abreu@rivkin.com

July 1, 2020

**VIA ECF**
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Government Employees Insurance Co. et al. v. Wellmart Rx, Inc. et al.*
           Docket No.  1:19-CV-04414 (KAM)(RLM)
           RR File No.:  005100-02724

Dear Chief Magistrate Judge Mann:

Plaintiffs Government Employees Insurance Co., et al (collectively "Plaintiffs" or "GEICO") respectfully move for an order pursuant to Local Rule 37.3(c) compelling Defendants Viviane Etienne, M.D. ("Dr. Etienne"), Claudia Geris, P.A. ("Geris"), Andrew Patrick, M.D. ("Dr. Patrick"), Michael Jacobi, M.D. ("Dr. Jacobi") and Mihaela Dajdea, P.A. ("Dajdea"), (collectively, the "Prescribing Defendants") to serve complete supplemental responses and produce documents in response to GEICO's First Sets of Interrogatories and First Requests for Production of Documents (collectively, the "Discovery Demands") which GEICO served on October 31, 2019. Copies of GEICO's Discovery Demands are annexed hereto as **Exhibit "A"**.

As detailed below, Plaintiffs have made repeated efforts to obtain supplemental responses and documents from the Prescribing Defendants, to no avail. Now, many months after Plaintiffs served its Discovery Demands, the Prescribing Defendants have yet to produce a single document. The Prescribing Defendants continue to delay and evade their discovery obligations by either completely disregarding Plaintiffs' correspondences or asserting delays due to the Covid-19 pandemic.  Plaintiffs have extended numerous courtesies because of Covid-19 issues, but it is unreasonable for Plaintiffs to be forced to continue to chase the Prescribing Defendants for discovery that should have been provided long ago.  In sum, it is clear that the Prescribing Defendants will not comply with their discovery obligations absent a court order to do so.

    **I.**    <u>**General Background and Discovery Delays by Defendants**</u>

In this action, GEICO alleges that Defendants, through Wellmart Rx, Inc. ("Wellmart Rx"), stole approximately $1.2 million from GEICO by submitting thousands of fraudulent No-Fault insurance charges seeking reimbursement for pharmaceutical products – including topical compounded pain creams, topical pain gels, and topical pain patches, as well as various other

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

Honorable Roanne L. Mann
July 1, 2020, Page 2

medications (collectively, the "Fraudulent Pharmaceuticals") – to which they were not entitled. The charges were fraudulent in that the "Pharmacy Defendants" entered into illegal, collusive agreements involving the payment of kickbacks or other financial incentives to the Prescribing Defendants in exchange for prescriptions for the Fraudulent Pharmaceuticals pursuant to predetermined protocols designed to financially enrich the Defendants – all in violation of law and without regard to genuine patient care. See Docket No. 1.

Based on these allegations, among others, Plaintiffs assert civil RICO, common law fraud, unjust enrichment and aiding and abetting claims. Id. Plaintiffs also seek a declaratory judgment that it is not liable to pay any of Wellmart Rx's pending fraudulent claims totaling approximately $5.7 million. Id. Notably, on January 16, 2020, the Hon. Judge Kiyo A. Matsumoto granted Plaintiffs' motion to stay all the underlying collection arbitrations and to enjoin the Pharmacy Defendants from commencing any new collection arbitrations or civil lawsuits against GEICO on behalf of Wellmart Rx until the resolution of the instant matter. See Docket No. 72. In doing so, Judge Matsumoto found that "GEICO easily [met] the threshold showing of a serious question going to the merits." Id.

Upon receipt of Defendants' initial written responses to the Discovery Demands, Plaintiffs issued meet and confer letters, dated April 15, 2020, to the Prescribing Defendants' counsels outlining the deficiencies in the responses and inquiring as to when Plaintiffs could expect to receive their document productions. Thereafter, Plaintiffs made repeated efforts to obtain complete supplemental responses and documents from the Prescribing Defendants. Specifically:

- On May 12, 2020, the undersigned and counsel for Dr. Etienne and Geris conferred via telephone regarding the deficiencies addressed in Plaintiffs' April 15, 2020 letter. Counsel indicated that supplemental written responses would be provided within 2 to 3 weeks. On May 13, 2020, Plaintiffs issued a follow-up email outlining the deficiencies discussed. Thereafter, Defendants ignored the deadline and failed to provide supplemental responses or any documents. On June 2, 2020, via telephone, counsel for these Defendants requested another extension, promising that supplemental responses for Dr. Etienne and Geris would be provided by June 5, 2020. Counsel also indicated that Geris would produce documents by June 12, 2020, but that Dr. Etienne was unable to provide a date for document production due to issues with accessing documents due to Covid-19. Thereafter, Dr. Etienne and Geris ignored the extended deadlines. Additionally, Dr. Etienne's interrogatory responses have yet to be verified.

- On May 21, 2020, the undersigned and counsel for Dr. Patrick conferred via telephone regarding the deficiencies addressed in Plaintiffs' April 15, 2020 letter, as well as specific demands not addressed in Dr. Patrick's May 12, 2020 supplemental written responses. Counsel requested additional time to review the deficiencies with Dr. Patrick and to further supplement his responses. On June 3, 2020, Plaintiffs issued a follow-up email outlining the issues discussed during the May 21, 2020 meet and confer telephone call and requesting a status update regarding counsel's review of the deficiencies with Dr. Patrick. The email went unanswered.

Honorable Roanne L. Mann
July 1, 2020, Page 3

- Dr. Jacobi and Dajdea completely disregarded Plaintiffs' April 15, 2020 meet and confer letters. On May 5, 2020 and June 9, 2020, Plaintiffs issued follow-up emails to counsel for Dr. Jacobi and Dajdea requesting prompt supplemental written responses and documents. Defendants failed to advise when such responses and documents would be produced and instead insinuated that they were somehow absolved from producing responses due to GEICO's settlement negotiations with Wellmart Rx and its owners, Defendants Simon Davydov and Ruslan Nektalov.

To date, the Defendants have failed to produce any documents whatsoever in response to the Discovery Demands. Copies of all correspondences are annexed hereto as **Exhibit "B".**

## II.  Argument

GEICO has provided the Defendants with ample time to provide complete supplemental responses and documents in response to its Discovery Demands and made numerous good faith efforts to try to obtain the discovery without court intervention. Plainly, however, any further promises by Defendants that they will comply are meaningless without a court order.

The Discovery Demands served by GEICO are material and relevant to this action and the information sought is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1); see United States ex rel. Rubar v. Hayner Hoyt Corp., 2018 U.S. Dist. LEXIS 158824 (E.D.N.Y. 2018). It is well-settled that "[r]elevance is … to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." State Farm Mut. Auto. Ins. Co. v. Fayda, 2015 U.S. Dist. LEXIS 162164 at *7 (S.D.N.Y. 2015) (quoting Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)); see Sky Med. Supply Inc. v. SCS Support Claim Servs., 2016 U.S. Dist. LEXIS 121215 (E.D.N.Y. 2016); see also Forsythe v. Midland Funding LLC, 2019 U.S. Dist. LEXIS 856 (E.D.N.Y. 2019). Moreover, this Court generally has found insurer's discovery requests to be relevant under analogous circumstances. See, e.g., Gov't Employees Ins. Co. et al. v. Five Boro Psychological Services, P.C. et al., E.D.N.Y. Docket No. CV 12-2448 (JG)(VMS)(Scanlon, MJ) at May 24, 2013 Docket Entry; Allstate Ins. Co. v. Elzanaty, 2012 U.S. Dist. LEXIS 171962 at * 4 - * 5 (E.D.N.Y. Dec. 4, 2012); State Farm Mutual Auto. Ins. Co. et al. v. Eastern Med., P.C. et al., Docket No. CV 05-3804 (ENV)(RML) at March 21, 2007 Minute Entry (Court ordered disclosure of professional corporations' bank records, holding that the "requested financial information will assist plaintiffs in identifying more fully the nature and scope of the alleged fraud scheme and in gathering admissible evidence at trial").

Accordingly, Plaintiffs respectfully request that the Court issue an Order compelling Defendants to provide supplemental responses to Plaintiffs' Discovery Demands and produce all responsive documents, waiving all non-privileged objections. We appreciate the Court's attention to this matter.

Respectfully submitted,

Very truly yours,

Honorable Roanne L. Mann
July 1, 2020, Page 4

                                              RIVKIN RADLER LLP
                                              *s/ **Jennifer Abreu***
                                              Jennifer Abreu

CC:    All Counsel Via ECF