EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                              Plaintiffs,

             -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

## GEICO'S FIRST SET OF INTERROGATORIES TO DEFENDANT VIVIANE ETIENNE, M.D.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules of

Civil Procedure and Local Civil Rule 26.3 and 33.3 of the United States District Court for the

Eastern District of New York, Plaintiffs, Government Employees Insurance Company, GEICO

Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company

(collectively, "GEICO" or "Plaintiffs"), hereby request that Defendant Viviane Etienne, M.D.

("Dr. Etienne"), respond and provide answers to the following Interrogatories under oath.

**PLEASE TAKE FURTHER NOTICE** that, if the answer to any Interrogatory is contained in a record, document, or any other written or recorded materials, GEICO requests that, pursuant to Federal Rule of Civil Procedure 34, each such record, document, or other written or recorded materials either be attached to these Interrogatories or be made available for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556. Responses to these Interrogatories shall be served within 30 days after service hereof.

## DEFINITIONS

A.    These Interrogatories incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.    The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing

that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession, custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

  C. The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

  D. The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

  E. The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

  F. The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.      The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.      The term "payment" means anything of value.

I.      The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.      The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.      The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"), and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.      The term "Prescribing Defendants" collectively refers to and includes Michael Jacobi, M.D. ("Dr. Jacobi"), Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriguez, M.D. ("Dr. Rodriguez"), Andrew Patrick, M.D. ("Dr. Patrick"), Rafael Delacruz-Gomez ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Dr. Etienne, Mihaela Dajdea, P.A. ("Dajdea"), Claudia Geris, P.A. ("Geris"), and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.      The terms "You" or "Your" shall mean and include Dr. Etienne as well any predecessor or successor entities, and any of her respective employees, agents, or other persons acting on his behalf.

N.      The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
  - Diclofenac Sodium 3% Gel
  - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
  - Ketoprofen
  - Baclofen
  - Lidocaine
  - Cyclobenzaprine
  - Gabapentin
  - Ethoxy Diglycol
  - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
  - Flurbiprofen
  - Baclofen
  - Lidocaine
  - Gabapentin
  - Cyclobenzaprine
  - Ethoxy Diglycol
  - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
  - Ketoprofen
  - Baclofen
  - Lidocaine
  - Gabapentin
  - Cyclobenzaprine
  - Ethoxy Diglycol
  - Pentravan Cream.

O.    The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.     The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.     The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.     The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.     The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.     The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## **INSTRUCTIONS**

A.     Unless otherwise stated, each part, paragraph and subparagraph of each Interrogatory shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.      Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

C.      Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural, and vice versa, as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

D.      Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

E.      Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

F.      Unless otherwise provided, each Interrogatory covers the time period beginning January 1, 2015 up to and including the date the party responds to these Interrogatories

G.      Each Interrogatory seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.      If any Interrogatory cannot be responded to in full, a response should be provided to the extent possible, with an explanation as to why a complete response is not possible.

I.      Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

      J.     In the event that any document called for by any Interrogatory has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) each and every author of the document; (ii) each and every addressee or recipient of the document; (iii) the date and subject matter of the document; (iv) the date and reason for disposal of the document; (v) each and every person who authorized disposal and/or disposed of the document.

      K.     The term "identify" when used with reference to documents shall require a statement of the date thereof, the type of document, the author, and if different, the signer or signers, the addressee, the substance thereof, its present or last known location or custodian, and all the means of identifying it with sufficient particularity to satisfy the requirements for its identification in a motion for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure. If such document was, but is no longer, in the Defendants' possession or subject to her control, state the disposition which was made of it, the reason for such disposition, and the date thereof.

      L.     As used herein, the term "identify" when used with reference to a person means to give, to the extent known, the person's full name, telephone number, present or last known address, and, additionally, when referring to as natural person, the present and last known place of employment.

      M.     When answering any Interrogatory concerning the Defendants, the answering party must respond individually as to each particular Defendant (i.e., Wellmart Rx, Davydov,

Nektalov, Dr. Jacobi, Dr. Magro, Dr. Cean, Dr. Rodriguez, Dr. Patrick, Dr. Delacruz-Gomez, Dr. Gara, Dr. Etienne, Dajdea, Geris, and Boubert).

N.     If the Pharmacy Defendants render healthcare services from multiple locations, the answering party must respond as to each location.

## INTERROGATORIES

1.     Describe how You first became aware of each Pharmacy Defendant and the reason(s) why You began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams.

2.     Identify every person associated with the Pharmacy Defendants that You personally communicated with and state Your understanding of that person's duties and/or role with regard to the Pharmacy.

3.     Identify every person associated with You and/or Your medical practice(s) that communicated with the Pharmacy Defendants.

4.     Identify any marketing materials provided to You by the Pharmacy Defendants, including but not limited to brochures, studies, catalogs, and/or lists of Pharmaceuticals, including compounded products.

5.     Identify each type or formulation of Compounded Pain Cream that You signed, authorized, and/or issued a prescription for.

6.     For each type/formulation of Compounded Pain Cream prescribed by You, identify who formulated or decided upon the particular combination of ingredients that makes up the compounded product as a whole.

7.      For each Compounded Pain Cream identified in response to Interrogatory No. 5, identify any medical studies, research or literature supporting the efficacy of each, including but not limited to the efficacy of each in topical form.

8.      Identify and describe how prescriptions (whether electronic or non-electronic) issued by You were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted You in that regard.

9.      Identify each person that has access to Your prescriptions pads/forms and Letters of Medical Necessity.

10.     Identify each person that has authority to assist You with issuing and/or transmitting electronic prescriptions on Your behalf.

11.     State whether You gave anyone access to a stamp or electronic version of Your signature, or authority to sign Your name in connection with prescribing Pharmaceuticals to patients and/or any aspect of Your medical practice(s), and, if so, identify who was given such authorization.

12.     State whether You have ever been given any Prescription Stamps/Labels or Prescription Forms to use to prescribe any Pharmaceuticals, including the Compounded Pain Creams, and if so, identify who gave You the stamps, labels or forms.

13.     State whether You are aware of the Compounding Quality Act, and if so, whether You refer to or rely upon the Compounding Quality Act when prescribing compounded drugs.

14.     Identify any protocols utilized or employed by You to determine if any Compounded Pain Cream should be prescribed to a patient.

15.   Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider or business that You have owned, in whole or in part.

16.   For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded pain products to patients treating with each entity and identify the formulations of such products, including the pharmacy that compounded and dispensed them.

17.   Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider, or business that You have been employed by or performed work for, including dates of employment.

18.   For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded drugs to patients treating at each entity and identify the formulations of such products and the pharmacy that compounded and dispensed them per your Prescription.

19.   Identify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distributions concerning Your income and expenses have been made.

20.   Identify all criminal, disciplinary, administrative, or malpractice investigations or proceedings involving You.

21.   Identify all instances in which You gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by You or on behalf of any professional entity.

22.    Identify all computer software, practice management systems and/or prescription-related systems that You have used in connection with your professional entities and practices, whether such systems were owned by You or not.

23.    Identify all telephone numbers, fax numbers, and e-mail addresses that You have used in connection with Your professional entities and practices.

24.    Identify all individuals who You consulted in connection with preparing answers to GEICO's First Set of Interrogatories.

Dated:  Uniondale, New York
       October 30, 2019

RIVKIN RADLER LLP

By: _____
     Michael A. Sirignano (MS 5263)
     Barry I. Levy (BL 2190)
     Priscilla D. Kam (PK 1505)
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000

*Counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                                      Plaintiffs,

              -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

## GEICO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VIVIANE ETIENNE, M.D.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the United States District Court for the Eastern District of New York, Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company (collectively, "GEICO"), hereby demand that Defendant Viviane Etienne, M.D. ("Dr. Etienne") respond to these Document Requests and produce, within thirty (30) days from the service of these Document Requests, all documents and things that are within their possession, custody,

and/or control responsive to the following Document Requests for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556.

**PLEASE TAKE FURTHER NOTICE** that this request shall be deemed to be continuing so as to require prompt supplemental production if any additional responsive documents are discovered after the response.

## DEFINITIONS

A.     These Document Requests incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.     The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession,

custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

C.      The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

D.      The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

E.      The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

F.      The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.      The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.      The term "payment" means anything of value.

I.      The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.      The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.      The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"),  and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.      The term "Prescribing Defendants" collectively refers to and includes Michael Jacobi, M.D. ("Dr. Jacobi"), Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriguez, M.D. ("Dr. Rodriguez"), Andrew Patrick, M.D. ("Dr. Patrick"), Rafael Delacruz-Gomez, M.D. ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Dr. Etienne, Mihaela Dajdea, P.A. ("Dajdea"), Claudia Geris, P.A. ("Geris") and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.      The terms "You" or "Your" shall mean and include Dr. Etienne as well any predecessor or successor entities, and any of his respective employees, agents, or other persons acting on his behalf.

N.      The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
  - Diclofenac Sodium 3% Gel
  - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
  - Ketoprofen
  - Baclofen
  - Lidocaine
  - Cyclobenzaprine
  - Gabapentin
  - Ethoxy Diglycol
  - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
  - Flurbiprofen
  - Baclofen
  - Lidocaine
  - Gabapentin
  - Cyclobenzaprine
  - Ethoxy Diglycol
  - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
  - Ketoprofen
  - Baclofen
  - Lidocaine
  - Gabapentin
  - Cyclobenzaprine
  - Ethoxy Diglycol
  - Pentravan Cream.

O.      The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.      The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.     The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.     The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.     The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.     The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## **INSTRUCTIONS**

A.     Unless otherwise stated, each part, paragraph and subparagraph of these Document Requests shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.     Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

C.      Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural and vice versa as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

D.      Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

E.      Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

F.      Unless otherwise provided, each request is for documents from the time period beginning January 1, 2015, up to and including the date the Defendant responds to these requests.

G.      Each request for documents seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.      Documents are to be produced in their entirety, without redaction or expurgation.

I.      If any document request cannot be complied with in full, it should be complied with to the extent possible, with an explanation as to why full compliance is not possible.

J.      Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) the names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

K.     In the event that any document called for by this request has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) identify each and every author of the document; (ii) identify each and every addressee or recipient of the document; (iii) state the date and subject matter of the document; (iv) state the date and reason for disposal of the document; and (v) identify each and every person who authorized disposal and/or disposed of the document.

## DOCUMENT REQUESTS

1.     All prescriptions You signed, authorized and/or issued concerning any Pharmaceutical, including Compounded Pain Creams.

2.     For each prescription that You signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy.

3.     For each prescription for a Pharmaceutical, including Compounded Pain Creams, You signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative.

4.     All Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to You.

5.     All documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded Pain Creams.

6.     All communications, correspondence or documents concerning the creation of the formulations of any of the Compounded Pain Creams filled or dispensed by the Pharmacy.

7.    All documents concerning communications between You and the Pharmacy Defendants.

8.    All documents concerning communications between You and any person concerning the Pharmacy Defendants.

9.    All agreements between You and the Pharmacy Defendants.

10.    All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of Pharmaceuticals.

11.    All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of compounded drugs, topical pain creams/gels/ointments, and/or topical pain patches.

12.    All treatment records, evaluation reports, notes and accompanying patient records for each patient to whom You prescribed Pharmaceuticals.

13.    All brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including Compounded Pain Creams.

14.    All attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning Your association and/or employment with any healthcare corporation or practice where You prescribed any Pharmaceuticals, including any Compounded Pain Cream.

15.    All curriculum vitae or resumes for You.

16.    All K-1s, W-2s, and 1099s issued to or by You concerning Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

17.    All Federal, New York State, and New York City income tax returns prepared or filed by You, including all attachments and schedules, during the time that You were associated with Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

18.    All bank records for any account (including checking, savings, and money market) held or maintained by You during the time that You were associated with Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals. This request should be deemed to include all statements, cancelled checks, check registers, signature cards, and bank resolutions.

19.    All agreements between You and Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation or practice that treats insureds to whom You have prescribed Pharmaceuticals.

20.    All communications between You and Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

21.    All agreements between You and any person concerning Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

22.    All agreements between You and the Prescribing Defendants.

23.    All communications between You and the Prescribing Defendants.

24.    All agreements between You and the Pharmacy Defendants.

25.    All communications between You and the Pharmacy Defendants.

26.     All communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, Neighborhood Medical Healthcare, P.C., Metrocare Medical, P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C. and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals.

27.     All documents and agreements with any person and/or entity that provides services for or on behalf of You concerning Preferred Medical, P.C. or Paramount Medical Services, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

28.     All communications between You and any person that provides goods or services to Preferred Medical, P.C. or Paramount Medical Services, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

29.     All documents concerning any authorization by You given to anyone to sign Your name or to apply a signature stamp or electronic signature of Your name on any document that has been submitted to GEICO.

30.     All documents concerning any authorization by You given to anyone to prescribe Pharmaceuticals in Your name.

31.     All studies and/or documents concerning any research studies, including any peer review and/or double blind studies or practice guidelines, regarding protocols for and/or the

medical utility/value of any of Compounded Pain Cream, topical cream/gel/ointment and/or topical pain patches prescribed by You.

32.     All treatment plans prepared by You for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug.

33.     All documents demonstrating that the Compounded Pain Cream prescribed by You, and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same.

34.     All documents concerning any and all training undertaken or received by You concerning the prescription of compounded drugs and the formulations of compounded drugs.

35.     All documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving You.

36.     All transcripts of any testimony given by You (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) by or on behalf of Preferred Medical, P.C., Paramount Medical Services, P.C., or any other professional healthcare corporation that You are or have been associated with, including all documents marked in connection with the testimony.

37.     All articles of incorporation, articles of organization, by-laws, shareholder agreements, membership agreements, stock certificates, minutes, resolutions, operating agreements, and corporate documents for any professional corporation, partnership, company, or business owned in whole or in part by You, during the time that You were associated with Preferred Medical, P.C. and Paramount Medical Services, P.C..

38.     Documents sufficient to identify all computer software, practice management systems, prescription-related software/systems that You have used in the course of Preferred Medical, P.C. and Paramount Medical Services, P.C.'s respective businesses, whether owned by You or not.

39.     All documents identified in Your response to GEICO's First Set of Interrogatories.

40.     All documents identified in Defendants Rule 26(a)(1) disclosures.


Dated:  Uniondale, New York
        October 30, 2019


                            RIVKIN RADLER LLP

                            By:_____
                                Michael A. Sirignano (MS 5263)
                                Barry I. Levy (BL 2190)
                                Priscilla D. Kam (PK 1505)
                            926 RXR Plaza
                            Uniondale, New York 11556
                            (516) 357-3000

                            *Counsel for Plaintiffs, Government Employees
                            Insurance Company, GEICO Indemnity Company,
                            GEICO General Insurance Company and GEICO
                            Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                      Plaintiffs,

           -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

## GEICO'S FIRST SET OF INTERROGATORIES TO DEFENDANT CLAUDIA GERIS, P.A.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 and 33.3 of the United States District Court for the Eastern District of New York, Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs"), hereby request that Defendant Claudia Geris, P.A. ("Geris"), respond and provide answers to the following Interrogatories under oath.

**PLEASE TAKE FURTHER NOTICE** that, if the answer to any Interrogatory is contained in a record, document, or any other written or recorded materials, GEICO requests that, pursuant to Federal Rule of Civil Procedure 34, each such record, document, or other written or recorded materials either be attached to these Interrogatories or be made available for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556. Responses to these Interrogatories shall be served within 30 days after service hereof.

## DEFINITIONS

A.    These Interrogatories incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.    The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing

that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession, custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

C.     The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

D.     The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

E.     The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

F.     The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.     The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.     The term "payment" means anything of value.

I.     The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.     The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.     The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"), and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.     The term "Prescribing Defendants" collectively refers to and includes Michael Jacobi, M.D. ("Dr. Jacobi"), Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriguez, M.D. ("Dr. Rodriguez"), Andrew Patrick, M.D. ("Dr. Patrick"), Rafael Delacruz-Gomez ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Viviane Etienne, M.D. ("Dr. Etienne"), Mihaela Dajdea, P.A. ("Dajdea"), Geris, and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.     The terms "You" or "Your" shall mean and include Geris as well any predecessor or successor entities, and any of her respective employees, agents, or other persons acting on his behalf.

N.     The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
    - Diclofenac Sodium 3% Gel
    - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Cyclobenzaprine
    - Gabapentin
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
    - Flurbiprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream.

O.     The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.     The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.     The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.     The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.     The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.     The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## **INSTRUCTIONS**

A.     Unless otherwise stated, each part, paragraph and subparagraph of each Interrogatory shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.      Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

C.      Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural, and vice versa, as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

D.      Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

E.      Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

F.      Unless otherwise provided, each Interrogatory covers the time period beginning January 1, 2015 up to and including the date the party responds to these Interrogatories

G.      Each Interrogatory seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.      If any Interrogatory cannot be responded to in full, a response should be provided to the extent possible, with an explanation as to why a complete response is not possible.

I.      Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

J.      In the event that any document called for by any Interrogatory has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) each and every author of the document; (ii) each and every addressee or recipient of the document; (iii) the date and subject matter of the document; (iv) the date and reason for disposal of the document; (v) each and every person who authorized disposal and/or disposed of the document.

K.      The term "identify" when used with reference to documents shall require a statement of the date thereof, the type of document, the author, and if different, the signer or signers, the addressee, the substance thereof, its present or last known location or custodian, and all the means of identifying it with sufficient particularity to satisfy the requirements for its identification in a motion for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure.  If such document was, but is no longer, in the Defendants' possession or subject to her control, state the disposition which was made of it, the reason for such disposition, and the date thereof.

L.      As used herein, the term "identify" when used with reference to a person means to give, to the extent known, the person's full name, telephone number, present or last known address, and, additionally, when referring to as natural person, the present and last known place of employment.

M.      When answering any Interrogatory concerning the Defendants, the answering party must respond individually as to each particular Defendant (i.e., Wellmart Rx, Davydov,

Nektalov, Dr. Jacobi, Dr. Magro, Dr. Cean, Dr. Rodriguez, Dr. Patrick, Dr. Delacruz-Gomez, Dr. Gara, Dr. Etienne, Dajdea, Geris, and Boubert).

N.    If the Pharmacy Defendants render healthcare services from multiple locations, the answering party must respond as to each location.

## INTERROGATORIES

1.    Describe how You first became aware of each Pharmacy Defendant and the reason(s) why You began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams.

2.    Identify every person associated with the Pharmacy Defendants that You personally communicated with and state Your understanding of that person's duties and/or role with regard to the Pharmacy.

3.    Identify every person associated with You and/or Your medical practice(s) that communicated with the Pharmacy Defendants.

4.    Identify any marketing materials provided to You by the Pharmacy Defendants, including but not limited to brochures, studies, catalogs, and/or lists of Pharmaceuticals, including compounded products.

5.    Identify each type or formulation of Compounded Pain Cream that You signed, authorized, and/or issued a prescription for.

6.    For each type/formulation of Compounded Pain Cream prescribed by You, identify who formulated or decided upon the particular combination of ingredients that makes up the compounded product as a whole.

7.     For each Compounded Pain Cream identified in response to Interrogatory No. 5, identify any medical studies, research or literature supporting the efficacy of each, including but not limited to the efficacy of each in topical form.

8.     Identify and describe how prescriptions (whether electronic or non-electronic) issued by You were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted You in that regard.

9.     Identify each person that has access to Your prescriptions pads/forms and Letters of Medical Necessity.

10.     Identify each person that has authority to assist You with issuing and/or transmitting electronic prescriptions on Your behalf.

11.     State whether You gave anyone access to a stamp or electronic version of Your signature, or authority to sign Your name in connection with prescribing Pharmaceuticals to patients and/or any aspect of Your medical practice(s), and, if so, identify who was given such authorization.

12.     State whether You have ever been given any Prescription Stamps/Labels or Prescription Forms to use to prescribe any Pharmaceuticals, including the Compounded Pain Creams, and if so, identify who gave You the stamps, labels or forms.

13.     State whether You are aware of the Compounding Quality Act, and if so, whether You refer to or rely upon the Compounding Quality Act when prescribing compounded drugs.

14.     Identify any protocols utilized or employed by You to determine if any Compounded Pain Cream should be prescribed to a patient.

15.     Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider or business that You have owned, in whole or in part.

16.     For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded pain products to patients treating with each entity and identify the formulations of such products, including the pharmacy that compounded and dispensed them.

17.     Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider, or business that You have been employed by or performed work for, including dates of employment.

18.     For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded drugs to patients treating at each entity and identify the formulations of such products and the pharmacy that compounded and dispensed them per your Prescription.

19.     Identify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distributions concerning Your income and expenses have been made.

20.     Identify all criminal, disciplinary, administrative, or malpractice investigations or proceedings involving You.

21.     Identify all instances in which You gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by You or on behalf of any professional entity.

22.     Identify all computer software, practice management systems and/or prescription-related systems that You have used in connection with your professional entities and practices, whether such systems were owned by You or not.

23.     Identify all telephone numbers, fax numbers, and e-mail addresses that You have used in connection with Your professional entities and practices.

24.     Identify all individuals who You consulted in connection with preparing answers to GEICO's First Set of Interrogatories.

Dated:  Uniondale, New York
        October 30, 2019

                              RIVKIN RADLER LLP

                              By: _____
                                    Michael A. Sirignano (MS 5263)
                                    Barry I. Levy (BL 2190)
                                    Priscilla D. Kam (PK 1505)
                              926 RXR Plaza
                              Uniondale, New York 11556
                              (516) 357-3000

                              *Counsel for Plaintiffs, Government Employees*
                              *Insurance Company, GEICO Indemnity Company,*
                              *GEICO General Insurance Company and GEICO*
                              *Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY,  GEICO  INDEMNITY  COMPANY,
GEICO  GENERAL  INSURANCE  COMPANY  and
GEICO CASUALTY COMPANY,

                        Plaintiffs,

            -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD  CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

## GEICO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CLAUDIA GERIS, P.A.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure and Local Civil Rule 26.3 of the United States District Court for the Eastern

District of New York, Plaintiffs, Government Employees Insurance Company, GEICO

Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company

(collectively, "GEICO"), hereby demand that Defendant Claudia Geris, P.A. ("Geris") respond

to these Document Requests and produce, within thirty (30) days from the service of these

Document Requests, all documents and things that are within their possession, custody, and/or

control responsive to the following Document Requests for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556.

**PLEASE TAKE FURTHER NOTICE** that this request shall be deemed to be continuing so as to require prompt supplemental production if any additional responsive documents are discovered after the response.

## DEFINITIONS

A.      These Document Requests incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.      The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession,

custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

C.     The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

D.     The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

E.     The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

F.     The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.     The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.  The term "payment" means anything of value.

I.  The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.  The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.  The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"),  and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.  The term "Prescribing Defendants" collectively refers to and includes Michael Jacobi, M.D. ("Dr. Jacobi"), Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriguez, M.D. ("Dr. Rodriguez"), Andrew Patrick, M.D. ("Dr. Patrick"), Rafael Delacruz-Gomez, M.D. ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Viviane Etienne, M.D. ("Dr. Etienne"), Mihaela Dajdea, P.A. ("Dajdea"), Geris, and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.  The terms "You" or "Your" shall mean and include Geris as well any predecessor or successor entities, and any of her respective employees, agents, or other persons acting on his behalf.

N.  The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
  - Diclofenac Sodium 3% Gel
  - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
  - Ketoprofen
  - Baclofen
  - Lidocaine
  - Cyclobenzaprine
  - Gabapentin
  - Ethoxy Diglycol
  - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
  - Flurbiprofen
  - Baclofen
  - Lidocaine
  - Gabapentin
  - Cyclobenzaprine
  - Ethoxy Diglycol
  - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
  - Ketoprofen
  - Baclofen
  - Lidocaine
  - Gabapentin
  - Cyclobenzaprine
  - Ethoxy Diglycol
  - Pentravan Cream.

O.    The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.    The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.      The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.      The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.      The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.      The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## INSTRUCTIONS

A.      Unless otherwise stated, each part, paragraph and subparagraph of these Document Requests shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.      Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

C.      Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural and vice versa as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

D.      Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

E.      Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

F.      Unless otherwise provided, each request is for documents from the time period beginning January 1, 2015, up to and including the date the Defendant responds to these requests.

G.      Each request for documents seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.      Documents are to be produced in their entirety, without redaction or expurgation.

I.      If any document request cannot be complied with in full, it should be complied with to the extent possible, with an explanation as to why full compliance is not possible.

J.      Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) the names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

K.    In the event that any document called for by this request has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) identify each and every author of the document; (ii) identify each and every addressee or recipient of the document; (iii) state the date and subject matter of the document; (iv) state the date and reason for disposal of the document; and (v) identify each and every person who authorized disposal and/or disposed of the document.

## DOCUMENT REQUESTS

1.    All prescriptions You signed, authorized and/or issued concerning any Pharmaceutical, including Compounded Pain Creams.

2.    For each prescription that You signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy.

3.    For each prescription for a Pharmaceutical, including Compounded Pain Creams, You signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative.

4.    All Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to You.

5.    All documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded Pain Creams.

6.    All communications, correspondence or documents concerning the creation of the formulations of any of the Compounded Pain Creams filled or dispensed by the Pharmacy.

7.   All documents concerning communications between You and the Pharmacy Defendants.

8.   All documents concerning communications between You and any person concerning the Pharmacy Defendants.

9.   All agreements between You and the Pharmacy Defendants.

10.   All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of Pharmaceuticals.

11.   All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of compounded drugs, topical pain creams/gels/ointments, and/or topical pain patches.

12.   All treatment records, evaluation reports, notes and accompanying patient records for each patient to whom You prescribed Pharmaceuticals.

13.   All brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including Compounded Pain Creams.

14.   All attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning Your association and/or employment with any healthcare corporation or practice where You prescribed any Pharmaceuticals, including any Compounded Pain Cream.

15.   All curriculum vitae or resumes for You.

16.   All K-1s, W-2s, and 1099s issued to or by You concerning Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

17.     All Federal, New York State, and New York City income tax returns prepared or filed by You, including all attachments and schedules, during the time that You were associated with Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

18.     All bank records for any account (including checking, savings, and money market) held or maintained by You during the time that You were associated with Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals. This request should be deemed to include all statements, cancelled checks, check registers, signature cards, and bank resolutions.

19.     All agreements between You and Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation or practice that treats insureds to whom You have prescribed Pharmaceuticals.

20.     All communications between You and Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

21.     All agreements between You and any person concerning Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

22.     All agreements between You and the Prescribing Defendants.

23.     All communications between You and the Prescribing Defendants.

24.     All agreements between You and the Pharmacy Defendants.

25.     All communications between You and the Pharmacy Defendants.

26.    All communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, Neighborhood Medical Healthcare, P.C., Metrocare Medical, P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C. and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals.

27.    All documents and agreements with any person and/or entity that provides services for or on behalf of You concerning Preferred Medical, P.C. or Paramount Medical Services, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

28.    All communications between You and any person that provides goods or services to Preferred Medical, P.C. or Paramount Medical Services, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

29.    All documents concerning any authorization by You given to anyone to sign Your name or to apply a signature stamp or electronic signature of Your name on any document that has been submitted to GEICO.

30.    All documents concerning any authorization by You given to anyone to prescribe Pharmaceuticals in Your name.

31.    All studies and/or documents concerning any research studies, including any peer review and/or double blind studies or practice guidelines, regarding protocols for and/or the

medical utility/value of any of Compounded Pain Cream, topical cream/gel/ointment and/or topical pain patches prescribed by You.

32.    All treatment plans prepared by You for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug.

33.    All documents demonstrating that the Compounded Pain Cream prescribed by You, and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same.

34.    All documents concerning any and all training undertaken or received by You concerning the prescription of compounded drugs and the formulations of compounded drugs.

35.    All documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving You.

36.    All transcripts of any testimony given by You (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) by or on behalf of Preferred Medical, P.C., Paramount Medical Services, P.C., or any other professional healthcare corporation that You are or have been associated with, including all documents marked in connection with the testimony.

37.    All articles of incorporation, articles of organization, by-laws, shareholder agreements, membership agreements, stock certificates, minutes, resolutions, operating agreements, and corporate documents for any professional corporation, partnership, company, or business owned in whole or in part by You, during the time that You were associated with Preferred Medical, P.C. and Paramount Medical Services, P.C..

38.     Documents sufficient to identify all computer software, practice management systems, prescription-related software/systems that You have used in the course of Preferred Medical, P.C. and Paramount Medical Services, P.C.'s respective businesses, whether owned by You or not.

39.     All documents identified in Your response to GEICO's First Set of Interrogatories.

40.     All documents identified in Defendants Rule 26(a)(1) disclosures.


Dated:  Uniondale, New York
        October 30, 2019

                              RIVKIN RADLER LLP

                              By:
                                 Michael A. Sirignano (MS 5263)
                                 Barry I. Levy (BL 2190)
                                 Priscilla D. Kam (PK 1505)
                              926 RXR Plaza
                              Uniondale, New York 11556
                              (516) 357-3000

                              *Counsel for Plaintiffs, Government Employees
                              Insurance Company, GEICO Indemnity Company,
                              GEICO General Insurance Company and GEICO
                              Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                                 Plaintiffs,

                 -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

### GEICO'S FIRST SET OF INTERROGATORIES TO DEFENDANT ANDREW PATRICK, M.D.

    **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 and 33.3 of the United States District Court for the Eastern District of New York, Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs"), hereby request that Defendant Andrew Patrick, M.D. ("Dr. Patrick"), respond and provide answers to the following Interrogatories under oath.

**PLEASE TAKE FURTHER NOTICE** that, if the answer to any Interrogatory is contained in a record, document, or any other written or recorded materials, GEICO requests that, pursuant to Federal Rule of Civil Procedure 34, each such record, document, or other written or recorded materials either be attached to these Interrogatories or be made available for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556.   Responses to these Interrogatories shall be served within 30 days after service hereof.

<u>**DEFINITIONS**</u>

A.      These Interrogatories incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.      The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing

that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession, custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

  C. The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

  D. The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

  E. The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

  F. The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.      The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.      The term "payment" means anything of value.

I.      The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.      The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.      The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"), and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.      The term "Prescribing Defendants" collectively refers to and includes Michael Jacobi, M.D. ("Dr. Jacobi"), Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriquez, M.D. ("Dr. Rodriguez"), Dr. Patrick, Rafael Delacruz-Gomez, M.D. ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Viviane Etienne, M.D. ("Dr. Etienne"), Mihaela Dajdea, P.A. ("Dajdea"), Claudia Geris, P.A. ("Geris"), and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.      The terms "You" or "Your" shall mean and include Dr. Patrick as well any predecessor or successor entities, and any of his respective employees, agents, or other persons acting on his behalf.

N.      The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
    - Diclofenac Sodium 3% Gel
    - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Cyclobenzaprine
    - Gabapentin
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
    - Flurbiprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream.

O.     The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.      The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.      The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.      The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.      The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.      The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## **INSTRUCTIONS**

A.      Unless otherwise stated, each part, paragraph and subparagraph of each Interrogatory shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.      Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

C.      Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural, and vice versa, as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

D.      Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

E.      Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

F.      Unless otherwise provided, each Interrogatory covers the time period beginning January 1, 2015 up to and including the date the party responds to these Interrogatories

G.      Each Interrogatory seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.      If any Interrogatory cannot be responded to in full, a response should be provided to the extent possible, with an explanation as to why a complete response is not possible.

I.      Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

J.      In the event that any document called for by any Interrogatory has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) each and every author of the document; (ii) each and every addressee or recipient of the document; (iii) the date and subject matter of the document; (iv) the date and reason for disposal of the document; (v) each and every person who authorized disposal and/or disposed of the document.

K.      The term "identify" when used with reference to documents shall require a statement of the date thereof, the type of document, the author, and if different, the signer or signers, the addressee, the substance thereof, its present or last known location or custodian, and all the means of identifying it with sufficient particularity to satisfy the requirements for its identification in a motion for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure.  If such document was, but is no longer, in the Defendants' possession or subject to her control, state the disposition which was made of it, the reason for such disposition, and the date thereof.

L.      As used herein, the term "identify" when used with reference to a person means to give, to the extent known, the person's full name, telephone number, present or last known address, and, additionally, when referring to as natural person, the present and last known place of employment.

M.      When answering any Interrogatory concerning the Defendants, the answering party must respond individually as to each particular Defendant (i.e., Wellmart Rx, Davydov,

Nektalov, Dr. Jacobi, Dr. Magro, Dr. Cean, Dr. Rodriguez, Dr. Patrick, Dr. Delacruz-Gomez, Dr. Gara, Dr. Etienne, Dajdea, Geris, and Boubert).

N.       If the Pharmacy Defendants render healthcare services from multiple locations, the answering party must respond as to each location.

## **INTERROGATORIES**

1.       Describe how You first became aware of each Pharmacy Defendant and the reason(s) why You began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams.

2.       Identify every person associated with the Pharmacy Defendants that You personally communicated with and state Your understanding of that person's duties and/or role with regard to the Pharmacy.

3.       Identify every person associated with You and/or Your medical practice(s) that communicated with the Pharmacy Defendants.

4.       Identify any marketing materials provided to You by the Pharmacy Defendants, including but not limited to brochures, studies, catalogs, and/or lists of Pharmaceuticals, including compounded products.

5.       Identify each type or formulation of Compounded Pain Cream that You signed, authorized, and/or issued a prescription for.

6.       For each type/formulation of Compounded Pain Cream prescribed by You, identify who formulated or decided upon the particular combination of ingredients that makes up the compounded product as a whole.

7.      For each Compounded Pain Cream identified in response to Interrogatory No. 5, identify any medical studies, research or literature supporting the efficacy of each, including but not limited to the efficacy of each in topical form.

8.      Identify and describe how prescriptions (whether electronic or non-electronic) issued by You were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted You in that regard.

9.      Identify each person that has access to Your prescriptions pads/forms and Letters of Medical Necessity.

10.     Identify each person that has authority to assist You with issuing and/or transmitting electronic prescriptions on Your behalf.

11.     State whether You gave anyone access to a stamp or electronic version of Your signature, or authority to sign Your name in connection with prescribing Pharmaceuticals to patients and/or any aspect of Your medical practice(s), and, if so, identify who was given such authorization.

12.     State whether You have ever been given any Prescription Stamps/Labels or Prescription Forms to use to prescribe any Pharmaceuticals, including the Compounded Pain Creams, and if so, identify who gave You the stamps, labels or forms.

13.     State whether You are aware of the Compounding Quality Act, and if so, whether You refer to or rely upon the Compounding Quality Act when prescribing compounded drugs.

14.     Identify any protocols utilized or employed by You to determine if any Compounded Pain Cream should be prescribed to a patient.

15.     Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider or business that You have owned, in whole or in part.

16.     For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded pain products to patients treating with each entity and identify the formulations of such products, including the pharmacy that compounded and dispensed them.

17.     Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider, or business that You have been employed by or performed work for, including dates of employment.

18.     For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded drugs to patients treating at each entity and identify the formulations of such products and the pharmacy that compounded and dispensed them per your Prescription.

19.     Identify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distributions concerning Your income and expenses have been made.

20.     Identify all criminal, disciplinary, administrative, or malpractice investigations or proceedings involving You.

21.     Identify all instances in which You gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by You or on behalf of any professional entity.

22.     Identify all computer software, practice management systems and/or prescription-related systems that You have used in connection with your professional entities and practices, whether such systems were owned by You or not.

23.     Identify all telephone numbers, fax numbers, and e-mail addresses that You have used in connection with Your professional entities and practices.

24.     Identify all individuals who You consulted in connection with preparing answers to GEICO's First Set of Interrogatories.

Dated:  Uniondale, New York
         October 30, 2019

                              RIVKIN RADLER LLP

                              By:_____
                                   Michael A. Sirignano (MS 5263)
                                   Barry I. Levy (BL 2190)
                                   Priscilla D. Kam (PK 1505)
                              926 RXR Plaza
                              Uniondale, New York 11556
                              (516) 357-3000

                              *Counsel for Plaintiffs, Government Employees
                              Insurance Company, GEICO Indemnity Company,
                              GEICO General Insurance Company and GEICO
                              Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY,  GEICO  INDEMNITY  COMPANY,
GEICO  GENERAL  INSURANCE  COMPANY  and
GEICO CASUALTY COMPANY,

                              Plaintiffs,

              -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD  CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

## GEICO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANDREW PATRICK, M.D.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure and Local Civil Rule 26.3 of the United States District Court for the Eastern

District  of  New  York,  Plaintiffs,  Government  Employees  Insurance  Company,  GEICO

Indemnity  Company,  GEICO  General  Insurance  Company  and  GEICO  Casualty  Company

(collectively, "GEICO"), hereby demand that Defendant Andrew Patrick, M.D. ("Dr. Patrick")

respond to these Document Requests and produce, within thirty (30) days from the service of

these Document Requests, all documents and things that are within their possession, custody,

and/or control responsive to the following Document Requests for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556.

**PLEASE TAKE FURTHER NOTICE** that this request shall be deemed to be continuing so as to require prompt supplemental production if any additional responsive documents are discovered after the response.

## DEFINITIONS

A.      These Document Requests incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.      The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession,

custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

C.      The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

D.      The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

E.      The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

F.      The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.      The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.     The term "payment" means anything of value.

I.     The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.     The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.     The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"), and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.     The term "Prescribing Defendants" collectively refers to and includes Michael Jacobi, M.D. ("Dr. Jacobi"), Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriquez, M.D. ("Dr. Rodriguez"), Dr. Patrick, Rafael Delacruz-Gomez, M.D. ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Viviane Etienne, M.D. ("Dr. Etienne"), Mihaela Dajdea, P.A. ("Dajdea"), Claudia Geris, P.A. ("Geris"), and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.     The terms "You" or "Your" shall mean and include Dr. Patrick as well any predecessor or successor entities, and any of his respective employees, agents, or other persons acting on his behalf.

N.     The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
    - Diclofenac Sodium 3% Gel
    - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Cyclobenzaprine
    - Gabapentin
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
    - Flurbiprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream.

O.    The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.    The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.     The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.     The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.     The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.     The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## INSTRUCTIONS

A.     Unless otherwise stated, each part, paragraph and subparagraph of these Document Requests shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.     Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

C.      Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural and vice versa as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

D.      Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

E.      Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

F.      Unless otherwise provided, each request is for documents from the time period beginning January 1, 2015, up to and including the date the Defendant responds to these requests.

G.      Each request for documents seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.      Documents are to be produced in their entirety, without redaction or expurgation.

I.      If any document request cannot be complied with in full, it should be complied with to the extent possible, with an explanation as to why full compliance is not possible.

J.      Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) the names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

K.     In the event that any document called for by this request has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) identify each and every author of the document; (ii) identify each and every addressee or recipient of the document; (iii) state the date and subject matter of the document; (iv) state the date and reason for disposal of the document; and (v) identify each and every person who authorized disposal and/or disposed of the document.

## DOCUMENT REQUESTS

1.     All prescriptions You signed, authorized and/or issued concerning any Pharmaceutical, including Compounded Pain Creams.

2.     For each prescription that You signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy.

3.     For each prescription for a Pharmaceutical, including Compounded Pain Creams, You signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative.

4.     All Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to You.

5.     All documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded Pain Creams.

6.     All communications, correspondence or documents concerning the creation of the formulations of any of the Compounded Pain Creams filled or dispensed by the Pharmacy.

7.     All documents concerning communications between You and the Pharmacy Defendants.

8.     All documents concerning communications between You and any person concerning the Pharmacy Defendants.

9.     All agreements between You and the Pharmacy Defendants.

10.     All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of Pharmaceuticals.

11.     All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of compounded drugs, topical pain creams/gels/ointments, and/or topical pain patches.

12.     All treatment records, evaluation reports, notes and accompanying patient records for each patient to whom You prescribed Pharmaceuticals.

13.     All brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including Compounded Pain Creams.

14.     All attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning Your association and/or employment with any healthcare corporation or practice where You prescribed any Pharmaceuticals, including any Compounded Pain Cream.

15.     All curriculum vitae or resumes for You.

16.     All K-1s, W-2s, and 1099s issued to or by You concerning Metrocare Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

17.     All Federal, New York State, and New York City income tax returns prepared or filed by You, including all attachments and schedules, during the time that You were associated with Metrocare Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

18.     All bank records for any account (including checking, savings, and money market) held or maintained by You during the time that You were associated with Metrocare Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals. This request should be deemed to include all statements, cancelled checks, check registers, signature cards, and bank resolutions.

19.     All agreements between You and Metrocare Medical, P.C., or any other healthcare professional corporation or practice that treats insureds to whom You have prescribed Pharmaceuticals.

20.     All communications between You and Metrocare Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

21.     All agreements between You and any person concerning Metrocare Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

22.     All agreements between You and the Prescribing Defendants.

23.     All communications between You and the Prescribing Defendants.

24.     All agreements between You and the Pharmacy Defendants.

25.     All communications between You and the Pharmacy Defendants.

26.     All communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, Neighborhood Medical Healthcare, P.C., Metrocare Medical, P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C. and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals.

27.     All documents and agreements with any person and/or entity that provides services for or on behalf of You concerning Metrocare Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

28.     All communications between You and any person that provides goods or services to Metrocare Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

29.     All documents concerning any authorization by You given to anyone to sign Your name or to apply a signature stamp or electronic signature of Your name on any document that has been submitted to GEICO.

30.     All documents concerning any authorization by You given to anyone to prescribe Pharmaceuticals in Your name.

31.     All studies and/or documents concerning any research studies, including any peer review and/or double blind studies or practice guidelines, regarding protocols for and/or the

medical utility/value of any of Compounded Pain Cream, topical cream/gel/ointment and/or topical pain patches prescribed by You.

32.     All treatment plans prepared by You for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug.

33.     All documents demonstrating that the Compounded Pain Cream prescribed by You, and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same.

34.     All documents concerning any and all training undertaken or received by You concerning the prescription of compounded drugs and the formulations of compounded drugs.

35.     All documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving You.

36.     All transcripts of any testimony given by You (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) by or on behalf of Metrocare Medical, P.C., or any other professional healthcare corporation that You are or have been associated with, including all documents marked in connection with the testimony.

37.     All articles of incorporation, articles of organization, by-laws, shareholder agreements, membership agreements, stock certificates, minutes, resolutions, operating agreements, and corporate documents for any professional corporation, partnership, company, or business owned in whole or in part by You, during the time that You were associated with Metrocare Medical, P.C.

38.     Documents sufficient to identify all computer software, practice management systems, prescription-related software/systems that You have used in the course of Metrocare Medical, P.C.'s respective businesses, whether owned by You or not.

39.     All documents identified in Your response to GEICO's First Set of Interrogatories.

40.     All documents identified in Defendants Rule 26(a)(1) disclosures.

Dated:  Uniondale, New York
        October 30, 2019

                                RIVKIN RADLER LLP

                                By: _____
                                    Michael A. Sirignano (MS 5263)
                                    Barry I. Levy (BL 2190)
                                    Priscilla D. Kam (PK 1505)
                                926 RXR Plaza
                                Uniondale, New York 11556
                                (516) 357-3000

                                *Counsel for Plaintiffs, Government Employees
                                Insurance Company, GEICO Indemnity Company,
                                GEICO General Insurance Company and GEICO
                                Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                                               Plaintiffs,

                    -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

## GEICO'S FIRST SET OF INTERROGATORIES TO DEFENDANT MICHAEL JACOBI, M.D.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 and 33.3 of the United States District Court for the Eastern District of New York, Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs"), hereby request that Defendant Michael Jacobi, M.D. ("Dr. Jacobi"), respond and provide answers to the following Interrogatories under oath.

**PLEASE TAKE FURTHER NOTICE** that, if the answer to any Interrogatory is contained in a record, document, or any other written or recorded materials, GEICO requests that, pursuant to Federal Rule of Civil Procedure 34, each such record, document, or other written or recorded materials either be attached to these Interrogatories or be made available for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556. Responses to these Interrogatories shall be served within 30 days after service hereof.

## DEFINITIONS

A.      These Interrogatories incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.      The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing

that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession, custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

C.     The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

D.     The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

E.     The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

F.     The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.      The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.      The term "payment" means anything of value.

I.      The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.      The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.      The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"), and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.      The term "Prescribing Defendants" collectively refers to and includes Dr. Jacobi, Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriquez, M.D. ("Dr. Rodriguez"), Andrew Patrick, M.D. ("Dr. Patrick"), Rafael Delacruz-Gomez, M.D. ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Viviane Etienne, M.D. ("Dr. Etienne"), Mihaela Dajdea, P.A. ("Dajdea"), Claudia Geris, P.A. ("Geris"), and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.      The terms "You" or "Your" shall mean and include Dr. Jacobi as well any predecessor or successor entities, and any of his respective employees, agents, or other persons acting on his behalf.

N.      The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
    - Diclofenac Sodium 3% Gel
    - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Cyclobenzaprine
    - Gabapentin
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
    - Flurbiprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream.

O.    The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.     The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.     The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.     The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.     The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.     The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## INSTRUCTIONS

A.     Unless otherwise stated, each part, paragraph and subparagraph of each Interrogatory shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.     Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

C.     Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural, and vice versa, as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

D.     Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

E.     Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

F.     Unless otherwise provided, each Interrogatory covers the time period beginning January 1, 2015 up to and including the date the party responds to these Interrogatories

G.     Each Interrogatory seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.     If any Interrogatory cannot be responded to in full, a response should be provided to the extent possible, with an explanation as to why a complete response is not possible.

I.     Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

J.      In the event that any document called for by any Interrogatory has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) each and every author of the document; (ii) each and every addressee or recipient of the document; (iii) the date and subject matter of the document; (iv) the date and reason for disposal of the document; (v) each and every person who authorized disposal and/or disposed of the document.

K.      The term "identify" when used with reference to documents shall require a statement of the date thereof, the type of document, the author, and if different, the signer or signers, the addressee, the substance thereof, its present or last known location or custodian, and all the means of identifying it with sufficient particularity to satisfy the requirements for its identification in a motion for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure. If such document was, but is no longer, in the Defendants' possession or subject to her control, state the disposition which was made of it, the reason for such disposition, and the date thereof.

L.      As used herein, the term "identify" when used with reference to a person means to give, to the extent known, the person's full name, telephone number, present or last known address, and, additionally, when referring to as natural person, the present and last known place of employment.

M.      When answering any Interrogatory concerning the Defendants, the answering party must respond individually as to each particular Defendant (i.e., Wellmart Rx, Davydov,

Nektalov, Dr. Jacobi, Dr. Magro, Dr. Cean, Dr. Rodriguez, Dr. Patrick, Dr. Delacruz-Gomez, Dr. Gara, Dr. Etienne, Dajdea, Geris, and Boubert).

N.      If the Pharmacy Defendants render healthcare services from multiple locations, the answering party must respond as to each location.

## **INTERROGATORIES**

1.      Describe how You first became aware of each Pharmacy Defendant and the reason(s) why You began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams.

2.      Identify every person associated with the Pharmacy Defendants that You personally communicated with and state Your understanding of that person's duties and/or role with regard to the Pharmacy.

3.      Identify every person associated with You and/or Your medical practice(s) that communicated with the Pharmacy Defendants.

4.      Identify any marketing materials provided to You by the Pharmacy Defendants, including but not limited to brochures, studies, catalogs, and/or lists of Pharmaceuticals, including compounded products.

5.      Identify each type or formulation of Compounded Pain Cream that You signed, authorized, and/or issued a prescription for.

6.      For each type/formulation of Compounded Pain Cream prescribed by You, identify who formulated or decided upon the particular combination of ingredients that makes up the compounded product as a whole.

7. For each Compounded Pain Cream identified in response to Interrogatory No. 5, identify any medical studies, research or literature supporting the efficacy of each, including but not limited to the efficacy of each in topical form.

8. Identify and describe how prescriptions (whether electronic or non-electronic) issued by You were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted You in that regard.

9. Identify each person that has access to Your prescriptions pads/forms and Letters of Medical Necessity.

10. Identify each person that has authority to assist You with issuing and/or transmitting electronic prescriptions on Your behalf.

11. State whether You gave anyone access to a stamp or electronic version of Your signature, or authority to sign Your name in connection with prescribing Pharmaceuticals to patients and/or any aspect of Your medical practice(s), and, if so, identify who was given such authorization.

12. State whether You have ever been given any Prescription Stamps/Labels or Prescription Forms to use to prescribe any Pharmaceuticals, including the Compounded Pain Creams, and if so, identify who gave You the stamps, labels or forms.

13. State whether You are aware of the Compounding Quality Act, and if so, whether You refer to or rely upon the Compounding Quality Act when prescribing compounded drugs.

14. Identify any protocols utilized or employed by You to determine if any Compounded Pain Cream should be prescribed to a patient.

15.    Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider or business that You have owned, in whole or in part.

16.    For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded pain products to patients treating with each entity and identify the formulations of such products, including the pharmacy that compounded and dispensed them.

17.    Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider, or business that You have been employed by or performed work for, including dates of employment.

18.    For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded drugs to patients treating at each entity and identify the formulations of such products and the pharmacy that compounded and dispensed them per your Prescription.

19.    Identify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distributions concerning Your income and expenses have been made.

20.    Identify all criminal, disciplinary, administrative, or malpractice investigations or proceedings involving You.

21.    Identify all instances in which You gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by You or on behalf of any professional entity.

22.     Identify all computer software, practice management systems and/or prescription-related systems that You have used in connection with your professional entities and practices, whether such systems were owned by You or not.

23.     Identify all telephone numbers, fax numbers, and e-mail addresses that You have used in connection with Your professional entities and practices.

24.     Identify all individuals who You consulted in connection with preparing answers to GEICO's First Set of Interrogatories.

Dated:  Uniondale, New York
        October 30, 2019

                                RIVKIN RADLER LLP

                                By:_____
                                    Michael A. Sirignano (MS 5263)
                                    Barry I. Levy (BL 2190)
                                    Priscilla D. Kam (PK 1505)
                                926 RXR Plaza
                                Uniondale, New York 11556
                                (516) 357-3000

                                *Counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                             Plaintiffs,

                -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

## GEICO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MICHAEL JACOBI, M.D.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure and Local Civil Rule 26.3 of the United States District Court for the Eastern

District of New York, Plaintiffs, Government Employees Insurance Company, GEICO

Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company

(collectively, "GEICO"), hereby demand that Defendant Michael Jacobi, M.D. ("Dr. Jacobi")

respond to these Document Requests and produce, within thirty (30) days from the service of

these Document Requests, all documents and things that are within their possession, custody,

and/or control responsive to the following Document Requests for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556.

**PLEASE TAKE FURTHER NOTICE** that this request shall be deemed to be continuing so as to require prompt supplemental production if any additional responsive documents are discovered after the response.

## DEFINITIONS

A.    These Document Requests incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.    The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession,

custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

C.     The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

D.     The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

E.     The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

F.     The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.     The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.     The term "payment" means anything of value.

I.     The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.     The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.     The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"),  and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.     The term "Prescribing Defendants" collectively refers to and includes Dr. Jacobi, Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriquez, M.D. ("Dr. Rodriguez"), Andrew Patrick, M.D. ("Dr. Patrick"), Rafael Delacruz-Gomez, M.D. ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Viviane Etienne, M.D. ("Dr. Etienne"), Mihaela Dajdea, P.A. ("Dajdea"), Claudia Geris, P.A. ("Geris"), and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.     The terms "You" or "Your" shall mean and include Dr. Jacobi as well any predecessor or successor entities, and any of his respective employees, agents, or other persons acting on his behalf.

N.     The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
    - Diclofenac Sodium 3% Gel
    - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Cyclobenzaprine
    - Gabapentin
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
    - Flurbiprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream.

O.     The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.     The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.     The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.     The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.     The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.     The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## **INSTRUCTIONS**

A.     Unless otherwise stated, each part, paragraph and subparagraph of these Document Requests shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.     Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

C.     Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural and vice versa as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

D.     Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

E.     Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

F.     Unless otherwise provided, each request is for documents from the time period beginning January 1, 2015, up to and including the date the Defendant responds to these requests.

G.     Each request for documents seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.     Documents are to be produced in their entirety, without redaction or expurgation.

I.     If any document request cannot be complied with in full, it should be complied with to the extent possible, with an explanation as to why full compliance is not possible.

J.     Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) the names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

K.      In the event that any document called for by this request has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) identify each and every author of the document; (ii) identify each and every addressee or recipient of the document; (iii) state the date and subject matter of the document; (iv) state the date and reason for disposal of the document; and (v) identify each and every person who authorized disposal and/or disposed of the document.

## DOCUMENT REQUESTS

1.      All prescriptions You signed, authorized and/or issued concerning any Pharmaceutical, including Compounded Pain Creams.

2.      For each prescription that You signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy.

3.      For each prescription for a Pharmaceutical, including Compounded Pain Creams, You signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative.

4.      All Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to You.

5.      All documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded Pain Creams.

6.      All communications, correspondence or documents concerning the creation of the formulations of any of the Compounded Pain Creams filled or dispensed by the Pharmacy.

7.     All documents concerning communications between You and the Pharmacy Defendants.

8.     All documents concerning communications between You and any person concerning the Pharmacy Defendants.

9.     All agreements between You and the Pharmacy Defendants.

10.    All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of Pharmaceuticals.

11.    All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of compounded drugs, topical pain creams/gels/ointments, and/or topical pain patches.

12.    All treatment records, evaluation reports, notes and accompanying patient records for each patient to whom You prescribed Pharmaceuticals.

13.    All brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including Compounded Pain Creams.

14.    All attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning Your association and/or employment with any healthcare corporation or practice where You prescribed any Pharmaceuticals, including any Compounded Pain Cream.

15.    All curriculum vitae or resumes for You.

16.    All K-1s, W-2s, and 1099s issued to or by You concerning Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

17.     All Federal, New York State, and New York City income tax returns prepared or filed by You, including all attachments and schedules, during the time that You were associated with Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

18.     All bank records for any account (including checking, savings, and money market) held or maintained by You during the time that You were associated with Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals. This request should be deemed to include all statements, cancelled checks, check registers, signature cards, and bank resolutions.

19.     All agreements between You and Epione Medical, P.C., or any other healthcare professional corporation or practice that treats insureds to whom You have prescribed Pharmaceuticals.

20.     All communications between You and Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

21.     All agreements between You and any person concerning Epione Medical, P.C. or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

22.     All agreements between You and the Prescribing Defendants.

23.     All communications between You and the Prescribing Defendants.

24.     All agreements between You and the Pharmacy Defendants.

25.     All communications between You and the Pharmacy Defendants.

26.     All communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, Neighborhood Medical Healthcare, P.C., Metrocare Medical, P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C. and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals.

27.     All documents and agreements with any person and/or entity that provides services for or on behalf of You concerning Epione Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

28.     All communications between You and any person that provides goods or services to Epione Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

29.     All documents concerning any authorization by You given to anyone to sign Your name or to apply a signature stamp or electronic signature of Your name on any document that has been submitted to GEICO.

30.     All documents concerning any authorization by You given to anyone to prescribe Pharmaceuticals in Your name.

31.     All studies and/or documents concerning any research studies, including any peer review and/or double blind studies or practice guidelines, regarding protocols for and/or the

medical utility/value of any of Compounded Pain Cream, topical cream/gel/ointment and/or topical pain patches prescribed by You.

32.    All treatment plans prepared by You for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug.

33.    All documents demonstrating that the Compounded Pain Cream prescribed by You, and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same.

34.    All documents concerning any and all training undertaken or received by You concerning the prescription of compounded drugs and the formulations of compounded drugs.

35.    All documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving You.

36.    All transcripts of any testimony given by You (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) by or on behalf of Epione Medical, P.C., or any other professional healthcare corporation that You are or have been associated with, including all documents marked in connection with the testimony.

37.    All articles of incorporation, articles of organization, by-laws, shareholder agreements, membership agreements, stock certificates, minutes, resolutions, operating agreements, and corporate documents for any professional corporation, partnership, company, or business owned in whole or in part by You, during the time that You were associated with Epione Medical, P.C.

38.     Documents sufficient to identify all computer software, practice management systems, prescription-related software/systems that You have used in the course of Epione Medical, P.C.'s respective businesses, whether owned by You or not.

39.     All documents identified in Your response to GEICO's First Set of Interrogatories.

40.     All documents identified in Defendants Rule 26(a)(1) disclosures.

Dated:  Uniondale, New York
        October 20, 2019

                                        RIVKIN RADLER LLP

                                        By: _____
                                            Michael A. Sirignano (MS 5263)
                                            Barry I. Levy (BL 2190)
                                            Priscilla D. Kam (PK 1505)
                                        926 RXR Plaza
                                        Uniondale, New York 11556
                                        (516) 357-3000

                                        *Counsel for Plaintiffs, Government Employees
                                        Insurance Company, GEICO Indemnity Company,
                                        GEICO General Insurance Company and GEICO
                                        Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                                      Docket No.:
                                      1:19-cv-04414 (KAM)(RLM)

                  Plaintiffs,

        -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### GEICO'S FIRST SET OF INTERROGATORIES TO DEFENDANT MIHAELA DAJDEA, P.A.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules of

Civil Procedure and Local Civil Rule 26.3 and 33.3 of the United States District Court for the

Eastern District of New York, Plaintiffs, Government Employees Insurance Company, GEICO

Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company

(collectively, "GEICO" or "Plaintiffs"), hereby request that Defendant Mihaela Dajdea, P.A.

("Dajdea"), respond and provide answers to the following Interrogatories under oath.

**PLEASE TAKE FURTHER NOTICE** that, if the answer to any Interrogatory is contained in a record, document, or any other written or recorded materials, GEICO requests that, pursuant to Federal Rule of Civil Procedure 34, each such record, document, or other written or recorded materials either be attached to these Interrogatories or be made available for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556. Responses to these Interrogatories shall be served within 30 days after service hereof.

## DEFINITIONS

A.      These Interrogatories incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.      The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing

that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession, custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

C.      The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

D.      The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

E.      The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

F.      The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.      The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.      The term "payment" means anything of value.

I.       The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.       The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.      The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"), and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.      The term "Prescribing Defendants" collectively refers to and includes Michael Jacobi, M.D. ("Dr. Jacobi"), Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriguez, M.D. ("Dr. Rodriguez"), Andrew Patrick, M.D. ("Dr. Patrick"), Rafael Delacruz-Gomez ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Viviane Etienne, M.D. ("Dr. Etienne"), Dajdea, Claudia Geris, P.A. ("Geris"), and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.     The terms "You" or "Your" shall mean and include Dajdea as well any predecessor or successor entities, and any of her respective employees, agents, or other persons acting on his behalf.

N.      The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
    - Diclofenac Sodium 3% Gel
    - Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Cyclobenzaprine
    - Gabapentin
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
    - Flurbiprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream.

O.    The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.      The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.      The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.      The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.      The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.      The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## **INSTRUCTIONS**

A.      Unless otherwise stated, each part, paragraph and subparagraph of each Interrogatory shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.     Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

C.     Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural, and vice versa, as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

D.     Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

E.     Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

F.     Unless otherwise provided, each Interrogatory covers the time period beginning January 1, 2015 up to and including the date the party responds to these Interrogatories

G.     Each Interrogatory seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.     If any Interrogatory cannot be responded to in full, a response should be provided to the extent possible, with an explanation as to why a complete response is not possible.

I.     Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

J.     In the event that any document called for by any Interrogatory has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) each and every author of the document; (ii) each and every addressee or recipient of the document; (iii) the date and subject matter of the document; (iv) the date and reason for disposal of the document; (v) each and every person who authorized disposal and/or disposed of the document.

K.     The term "identify" when used with reference to documents shall require a statement of the date thereof, the type of document, the author, and if different, the signer or signers, the addressee, the substance thereof, its present or last known location or custodian, and all the means of identifying it with sufficient particularity to satisfy the requirements for its identification in a motion for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure.  If such document was, but is no longer, in the Defendants' possession or subject to her control, state the disposition which was made of it, the reason for such disposition, and the date thereof.

L.     As used herein, the term "identify" when used with reference to a person means to give, to the extent known, the person's full name, telephone number, present or last known address, and, additionally, when referring to as natural person, the present and last known place of employment.

M.     When answering any Interrogatory concerning the Defendants, the answering party must respond individually as to each particular Defendant (i.e., Wellmart Rx, Davydov,

Nektalov, Dr. Jacobi, Dr. Magro, Dr. Cean, Dr. Rodriguez, Dr. Patrick, Dr. Delacruz-Gomez, Dr. Gara, Dr. Etienne, Dajdea, Geris, and Boubert).

N.    If the Pharmacy Defendants render healthcare services from multiple locations, the answering party must respond as to each location.

## INTERROGATORIES

1.    Describe how You first became aware of each Pharmacy Defendant and the reason(s) why You began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams.

2.    Identify every person associated with the Pharmacy Defendants that You personally communicated with and state Your understanding of that person's duties and/or role with regard to the Pharmacy.

3.    Identify every person associated with You and/or Your medical practice(s) that communicated with the Pharmacy Defendants.

4.    Identify any marketing materials provided to You by the Pharmacy Defendants, including but not limited to brochures, studies, catalogs, and/or lists of Pharmaceuticals, including compounded products.

5.    Identify each type or formulation of Compounded Pain Cream that You signed, authorized, and/or issued a prescription for.

6.    For each type/formulation of Compounded Pain Cream prescribed by You, identify who formulated or decided upon the particular combination of ingredients that makes up the compounded product as a whole.

7.     For each Compounded Pain Cream identified in response to Interrogatory No. 5, identify any medical studies, research or literature supporting the efficacy of each, including but not limited to the efficacy of each in topical form.

8.     Identify and describe how prescriptions (whether electronic or non-electronic) issued by You were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted You in that regard.

9.     Identify each person that has access to Your prescriptions pads/forms and Letters of Medical Necessity.

10.     Identify each person that has authority to assist You with issuing and/or transmitting electronic prescriptions on Your behalf.

11.     State whether You gave anyone access to a stamp or electronic version of Your signature, or authority to sign Your name in connection with prescribing Pharmaceuticals to patients and/or any aspect of Your medical practice(s), and, if so, identify who was given such authorization.

12.     State whether You have ever been given any Prescription Stamps/Labels or Prescription Forms to use to prescribe any Pharmaceuticals, including the Compounded Pain Creams, and if so, identify who gave You the stamps, labels or forms.

13.     State whether You are aware of the Compounding Quality Act, and if so, whether You refer to or rely upon the Compounding Quality Act when prescribing compounded drugs.

14.     Identify any protocols utilized or employed by You to determine if any Compounded Pain Cream should be prescribed to a patient.

15.     Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider or business that You have owned, in whole or in part.

16.     For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded pain products to patients treating with each entity and identify the formulations of such products, including the pharmacy that compounded and dispensed them.

17.     Identify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider, or business that You have been employed by or performed work for, including dates of employment.

18.     For each entity or provider identified in response to the prior Interrogatory, state whether You prescribed any compounded drugs to patients treating at each entity and identify the formulations of such products and the pharmacy that compounded and dispensed them per your Prescription.

19.     Identify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distributions concerning Your income and expenses have been made.

20.     Identify all criminal, disciplinary, administrative, or malpractice investigations or proceedings involving You.

21.     Identify all instances in which You gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by You or on behalf of any professional entity.

22.     Identify all computer software, practice management systems and/or prescription-related systems that You have used in connection with your professional entities and practices, whether such systems were owned by You or not.

23.     Identify all telephone numbers, fax numbers, and e-mail addresses that You have used in connection with Your professional entities and practices.

24.     Identify all individuals who You consulted in connection with preparing answers to GEICO's First Set of Interrogatories.

Dated:  Uniondale, New York
        October 30, 2019

                                    RIVKIN RADLER LLP

                                    By:
                                         Michael A. Sirignano (MS 5263)
                                         Barry I. Levy (BL 2190)
                                         Priscilla D. Kam (PK 1505)
                                    926 RXR Plaza
                                    Uniondale, New York 11556
                                    (516) 357-3000

                                    *Counsel for Plaintiffs, Government Employees
                                    Insurance Company, GEICO Indemnity Company,
                                    GEICO General Insurance Company and GEICO
                                    Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY,  GEICO  INDEMNITY  COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                       Plaintiffs,

        -against-

WELLMART RX, INC.,
SIMON DAVYDOV,
RUSLAN NEKTALOV A/K/A RUSS NEKTA,
MICHAEL JACOBI, M.D.,
JOANNE MAGRO, M.D.,
CONRAD  CEAN, M.D.,
DENNY RODRIGUEZ, M.D.,
ANDREW PATRICK, M.D.,
RAFAEL DELACRUZ-GOMEZ, M.D.,
RADHA GARA, M.D.,
VIVIANE ETIENNE, M.D.,
MIHAELA DAJDEA, P.A.,
CLAUDIA GERIS, P.A.,
CARLINE BOUBERT, P.A., AND
JOHN DOE NOS. "1" THROUGH "5,"

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:
1:19-cv-04414 (KAM)(RLM)

## GEICO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MIHAELA DAJDEA, P.A.

    **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure and Local Civil Rule 26.3 of the United States District Court for the Eastern

District of New York, Plaintiffs, Government Employees Insurance Company, GEICO

Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company

(collectively, "GEICO"), hereby demand that Defendant Mihaela Dajdea, P.A. ("Dajdea")

respond to these Document Requests and produce, within thirty (30) days from the service of

these Document Requests, all documents and things that are within their possession, custody,

and/or control responsive to the following Document Requests for inspection and copying at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556.

**PLEASE TAKE FURTHER NOTICE** that this request shall be deemed to be continuing so as to require prompt supplemental production if any additional responsive documents are discovered after the response.

## DEFINITIONS

A.      These Document Requests incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 of the Eastern District of New York, except as modified or supplemented herein.

B.      The term "document" means, without limitation, any kind of written, recorded, or graphic material, however produced, reproduced, or maintained, including, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, letters, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electrical or electronic recording devices, work papers, surveys, checks, statements, facsimiles, telecopies, work sheets, reports, e-mails, instant messages, twitter, CD-ROMs, floppy disks, manuals, lists, diaries, notebooks, microfiche, ledgers, files, telegrams, minutes, summaries, contracts, computer databases, computer printout sheets, log books, financial statements, drawings, charts, schedules, telex messages, notes, intra-office and inter-office communications, transcripts, affidavits, desk calendars, appointment books, telephone logs, data sheets, or printed matter of every kind or description, including all final originals, drafts, revisions, or different versions of any of the foregoing, as well as any copies of the foregoing that are not identical to the original (whether by interlineation, receipt stamped, notation, indication of copy sent or received, or otherwise) and are in the actual or constructive possession,

custody, care, and/or control of the responding party and whether the documents are recorded in a writing or otherwise by way of an electrical, mechanical, or electronic device (including, but not limited to, storage media such as computer hard drives, CD-ROMs, floppy disks, zip drives, portable hard drives, and similar devices).

C.    The term "concern" or "concerning" means concerning, referring to, having to do with, regarding, describing, evidencing, memorializing, demonstrating, substantiating or constituting, and shall have the broadest possible meaning consistent with the terms of the Federal Rules of Civil Procedure.

D.    The term "person" means: (i) natural persons; and (ii) legal entities, including, without limitation, corporations, limited liability corporations, partnerships, limited liability partnerships, firms, associations, professional corporations, and proprietorships.

E.    The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

F.    The term "representative" refers to and includes any person, including attorneys, agents, or servants who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at their request, for their benefit, or on their behalf or for their benefit with your knowledge, consent, or acquiescence.

G.    The term "insured" or "patient" means any person for whom healthcare services were rendered, and for which payment was sought from GEICO.

H.      The term "payment" means anything of value.

I.      The term "Wellmart Rx" means Wellmart Rx, Inc., any predecessor or successor entities, and any of its respective employees, agents or other persons acting on its behalf.

J.      The term "Pharmacy" means Wellmart Rx, any predecessor or successor entities, and any of its respective employees, agents or other persons acting on their behalves.

K.      The term "Pharmacy Defendants" means Wellmart Rx, Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov"),  and any of their successors, agents, servants, employees, representatives, and/or other persons acting on their behalves.

L.      The term "Prescribing Defendants" collectively refers to and includes Michael Jacobi, M.D. ("Dr. Jacobi"), Joanne Magro, M.D. ("Dr. Magro"), Conrad Cean, M.D. ("Dr. Cean"), Denny Rodriquez, M.D. ("Dr. Rodriguez"), Andrew Patrick, M.D. ("Dr. Patrick"), Rafael Delacruz-Gomez, M.D. ("Dr. Delacruz-Gomez"), Radha Gara, M.D. ("Dr. Gara"), Viviane Etienne, M.D. ("Dr. Etienne"), Dajdea, Claudia Geris, P.A. ("Geris"), and Carline Boubert, P.A. ("Boubert"), or any of them, any of their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

M.      The terms "You" or "Your" shall mean and include Dajdea as well any predecessor or successor entities, and any of her respective employees, agents, or other persons acting on his behalf.

N.      The term "Compounded Pain Creams" means any compounded pain relieving topically-applied drug substances or products dispensed by the Pharmacy Defendants, including but not limited to the following formulations:

- "Diclofenac Sodium 3% Gel with Lidocaine Ointment 5%," with the following ingredients:
  - o Diclofenac Sodium 3% Gel
  - o Lidocaine Ointment 5%

- "Compound 220Y" (also called "Compound Ketoprofen"), with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Cyclobenzaprine
    - Gabapentin
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound 220W" (also called "Compound Flurbiprofen"), with the following ingredients:
    - Flurbiprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream

- "Compound Rx 220 N," with the following ingredients:
    - Ketoprofen
    - Baclofen
    - Lidocaine
    - Gabapentin
    - Cyclobenzaprine
    - Ethoxy Diglycol
    - Pentravan Cream.

O.     The term "Pharmaceuticals" means, without limitation, compounded drug products (including Compounded Pain Creams), topical pain gels/creams/ointments, topical pain patches, and/or any other pharmaceutical drug products compounded, manufactured, produced, sold, repackaged, dispensed or provided by the Pharmacy Defendants to any patient or insured.

P.     The term "Prescription Stamps/Labels," means any version of the stamps or labels containing formulations for the Compounded Pain Creams or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

Q.      The term "Prescription Forms," means any version of a prescription pad or pre-preprinted order containing the names of Compounded Pain Creams and/or other Pharmaceuticals prepared, generated or issued by the Pharmacy Defendants and provided to the Prescribing Defendants.

R.      The term "Letters of Medical Necessity," means any version of letters or statements of medical necessity prepared or generated by the Pharmacy Defendants, bearing Wellmart Rx's name, address, and contact information, and used to attempt to justify the Pharmacy Defendants' Compounded Pain Creams or other Pharmaceuticals dispensed by the Pharmacy Defendants as medically necessary.

S.      The terms "Plaintiffs" or "GEICO" refers to and includes Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, their agents, servants, employees, and representatives including, but not limited to their attorneys.

T.      The term "Defendants" means, without limitation, the Pharmacy Defendants, the Prescribing Defendants, any predecessor or successor entities, as well as their respective agents, servants, employees, representatives, and/or other persons acting on their behalves.

## INSTRUCTIONS

A.      Unless otherwise stated, each part, paragraph and subparagraph of these Document Requests shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

B.      Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

C.      Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural and vice versa as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

D.      Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

E.      Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

F.      Unless otherwise provided, each request is for documents from the time period beginning January 1, 2015, up to and including the date the Defendant responds to these requests.

G.      Each request for documents seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.

H.      Documents are to be produced in their entirety, without redaction or expurgation.

I.      If any document request cannot be complied with in full, it should be complied with to the extent possible, with an explanation as to why full compliance is not possible.

J.      Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be identified and the following information shall be provided in the objection or in the form of a list or log of privileged documents:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document;

and (vi) the names and addresses of individuals who actually received the document or copies of the document or who are designated on the document as having received a copy.

K.      In the event that any document called for by this request has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) identify each and every author of the document; (ii) identify each and every addressee or recipient of the document; (iii) state the date and subject matter of the document; (iv) state the date and reason for disposal of the document; and (v) identify each and every person who authorized disposal and/or disposed of the document.

## DOCUMENT REQUESTS

1.      All prescriptions You signed, authorized and/or issued concerning any Pharmaceutical, including Compounded Pain Creams.

2.      For each prescription that You signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy.

3.      For each prescription for a Pharmaceutical, including Compounded Pain Creams, You signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative.

4.      All Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to You.

5.      All documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded Pain Creams.

6.      All communications, correspondence or documents concerning the creation of the formulations of any of the Compounded Pain Creams filled or dispensed by the Pharmacy.

7.      All documents concerning communications between You and the Pharmacy Defendants.

8.      All documents concerning communications between You and any person concerning the Pharmacy Defendants.

9.      All agreements between You and the Pharmacy Defendants.

10.     All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of Pharmaceuticals.

11.     All documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of compounded drugs, topical pain creams/gels/ointments, and/or topical pain patches.

12.     All treatment records, evaluation reports, notes and accompanying patient records for each patient to whom You prescribed Pharmaceuticals.

13.     All brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including Compounded Pain Creams.

14.     All attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning Your association and/or employment with any healthcare corporation or practice where You prescribed any Pharmaceuticals, including any Compounded Pain Cream.

15.     All curriculum vitae or resumes for You.

16.     All K-1s, W-2s, and 1099s issued to or by You concerning Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

17.     All Federal, New York State, and New York City income tax returns prepared or filed by You, including all attachments and schedules, during the time that You were associated with Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

18.     All bank records for any account (including checking, savings, and money market) held or maintained by You during the time that You were associated with Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals. This request should be deemed to include all statements, cancelled checks, check registers, signature cards, and bank resolutions.

19.     All agreements between You and Epione Medical, P.C., or any other healthcare professional corporation or practice that treats insureds to whom You have prescribed Pharmaceuticals.

20.     All communications between You and Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

21.     All agreements between You and any person concerning Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom You have prescribed Pharmaceuticals.

22.     All agreements between You and the Prescribing Defendants.

23.     All communications between You and the Prescribing Defendants.

24.     All agreements between You and the Pharmacy Defendants.

25.     All communications between You and the Pharmacy Defendants.

26.    All communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, Neighborhood Medical Healthcare, P.C., Metrocare Medical, P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C. and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals.

27.    All documents and agreements with any person and/or entity that provides services for or on behalf of You concerning Epione Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

28.    All communications between You and any person that provides goods or services to Epione Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services.

29.    All documents concerning any authorization by You given to anyone to sign Your name or to apply a signature stamp or electronic signature of Your name on any document that has been submitted to GEICO.

30.    All documents concerning any authorization by You given to anyone to prescribe Pharmaceuticals in Your name.

31.    All studies and/or documents concerning any research studies, including any peer review and/or double blind studies or practice guidelines, regarding protocols for and/or the

medical utility/value of any of Compounded Pain Cream, topical cream/gel/ointment and/or topical pain patches prescribed by You.

32.     All treatment plans prepared by You for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug.

33.     All documents demonstrating that the Compounded Pain Cream prescribed by You, and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same.

34.     All documents concerning any and all training undertaken or received by You concerning the prescription of compounded drugs and the formulations of compounded drugs.

35.     All documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving You.

36.     All transcripts of any testimony given by You (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) by or on behalf of Epione Medical, P.C., or any other professional healthcare corporation that You are or have been associated with, including all documents marked in connection with the testimony.

37.     All articles of incorporation, articles of organization, by-laws, shareholder agreements, membership agreements, stock certificates, minutes, resolutions, operating agreements, and corporate documents for any professional corporation, partnership, company, or business owned in whole or in part by You, during the time that You were associated with Epione Medical, P.C.

38.     Documents sufficient to identify all computer software, practice management systems, prescription-related software/systems that You have used in the course of Epione Medical, P.C.'s respective businesses, whether owned by You or not.

39.     All documents identified in Your response to GEICO's First Set of Interrogatories.

40.     All documents identified in Defendants Rule 26(a)(1) disclosures.


Dated:  Uniondale, New York
        October 30, 2019


                              RIVKIN RADLER LLP

                              By:
                                      Michael A. Sirignano (MS 5263)
                                      Barry I. Levy (BL 2190)
                                      Priscilla D. Kam (PK 1505)
                              926 RXR Plaza
                              Uniondale, New York 11556
                              (516) 357-3000

                              *Counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company*