EXHIBIT B



RIVKIN RADLER LLP
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

JENNIFER ABREU
(516) 357-3218
jennifer.abreu@rivkin.com

April 15, 2020

**VIA ELECTRONIC AND REGULAR MAIL**
Nicholas Bowers, Esq.
Gary Tsirelman, P.C.
129 Livingston Street
Brooklyn, NY 11201
nbowers@gtmdjd.com

Re:     Government Employees Insurance Company, et al. v. Wellmart Rx Inc., et al.
         Docket No. 1:19-cv-04414 (KAM)(RLM)
         RR File No.:  005100-02794

Counselor:

We represent Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (together "GEICO") in the above-referenced matter. We are in receipt of the Interrogatory Responses and the Document Responses that you served on behalf of your client, Viviane Etienne, M.D. ("Dr. Etienne"), in response to GEICO's First Set of Interrogatories and First Requests for Production of Documents (the "Discovery Demands"). As discussed below, numerous Interrogatory and Document Responses are deficient. This letter shall constitute GEICO's effort to "meet and confer" in good faith over these discovery disputes prior to seeking court intervention.

Please respond promptly so we can avoid unnecessary motion practice.

**Production of Documents**

Initially, GEICO notes that Dr. Etienne's interrogatory responses have yet to be verified. However, in an effort to move the discovery process along and to resolve as many discovery disputes as possible, GEICO will address the unverified interrogatory responses herein.  Please provide verified responses immediately.

GEICO also notes that Defendant has agreed to produce certain documents, albeit limited in scope, in response to various discovery demands made by GEICO. However, to-date, no documents have been provided. Furthermore, Defendant's General Responses and Objections state that Defendant will not produce any documents, information or objects until a confidentiality agreement has been reached by all parties. Please be advised that on December 23, 2019, Chief Magistrate Judge Roanne L. Mann approved

66 South Pearl Street, 11th Floor        25 Main Street                        477 Madison Avenue                   2649 South Road
Albany, NY 12207-1533                   Court Plaza North, Suite 501          New York, NY 10022-5843              Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199           Hackensack, NJ 07601-7082            T 212.455.9555 F 212.687.9044        T 845.473.8100 F 845.473.8777
                                        T 201.287.2460 F 201.489.0495

RIVKIN RADLER  LLP

April 15, 2020
Page 2

and so-ordered the Confidentiality Order executed by all parties. See Docket No. 67. Accordingly, please advise as to when the outstanding documents referenced in Defendant's responses will be produced.

Additionally, throughout its discovery responses, Dr. Etienne repeatedly states that responsive documents are not in its "possession, custody or control", or that it will produce documents responsive to GEICO's Discovery Demands which are in its "possession, custody or control." Courts have held that under Federal Rule of Civil Procedure 34, a responding party's duty to disclose documents in its "possession, custody, or control" goes beyond items that are in the direct possession of the responding party, and includes any items that the responding party has the right or ability to obtain from the person with whom possession lies. See, New Falls Corp. v. Soni, 2018 U.S. Dist. LEXIS 111953 (E.D.N.Y. 2018).

Therefore, we expect that Dr. Etienne will make a good faith effort to be forthcoming in responding to GEICO's discovery demands and comply with her duty to preserve and collect responsive materials beyond those that are within in her direct possession.

### **Deficiencies in Dr. Etienne's Responses**

**Interrogatory No. 1:**

GEICO sought information regarding "how [Dr. Etienne] first became aware of each Pharmacy Defendant and the reason(s) why [she] began utilizing the Pharmacy Defendants to dispense any of the Compounded Pain Creams and/or other Pharmaceuticals."

*Dr. Etienne responded that she became aware of the Pharmacy Defendants while providing treatment on behalf of Paramount Medical Services, P.C. Further, Dr. Etienne stated that she only wrote the prescriptions and the office staff would send them to the pharmacy requested by the patient.*

This response is incomplete. While Dr. Etienne stated <u>when</u> she became aware of the Pharmacy Defendants, she failed to describe <u>how</u> she became aware of the Pharmacy Defendants. Further, please supplement Dr. Etienne's response to include the names of the office staff at Paramount Medical Services, P.C. who was responsible for sending prescriptions to pharmacies and the clinic locations at which Paramount Medical Services, P.C. operated. Moreover, describe how Dr. Etienne became aware of Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov").

**Interrogatory No. 3:**

GEICO sought information regarding "every person associated with [Dr. Etienne] and/or [Dr. Etienne's] medical practice(s) that communicated with the Pharmacy Defendants."

*Dr. Etienne objected to this demand on the grounds that it violates Federal Rule of Civil Procedure 26. Specifically, Dr. Etienne alleges that the request seeks documents and information that is not relevant or*

RIVKIN RADLER  LLP

April 15, 2020
Page 3

*proportional to the needs of the instant matter. Despite these objections, Dr. Etienne responded that she was "not certain which of [her] co-workers actually communicated with the Pharmacy Defendants."*

Dr. Etienne's objections are without merit. This request is proper under Federal Rule of Civil Procedure 26 in that it is both relevant to GEICO's claims and proportional to the needs of the case. GEICO's request is precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO alleges that the Prescribing Defendants, including Dr. Etienne routinely prescribe or purport to prescribe a multitude of medically unnecessary "pain relieving" prescriptions drug products, including topical compounded pain creams, topical pain gels, lotions and ointments and topical pain patches, as well as other medications (the "Fraudulent Pharmaceuticals") dispensed to individuals involved in automobile accidents and eligible for insurance by GEICO (the "Insureds"), in exchange for financial kickbacks and other incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the information sought is plainly relevant and proportional to the needs of the instant matter.

Dr. Etienne's response is incomplete and contradicts her response to Interrogatory No. 1 to which she responded that the office staff at the clinic from where Paramount Medical Services, P.C. communicates with the Pharmacy Defendants. Please supplement Dr. Etienne's response and identify Dr. Etienne the office staff associated with Paramount Medical Services, P.C. who communicated with the Pharmacy Defendants.

**Interrogatory No. 8**:

GEICO requested that Dr. Etienne "[i]dentify and describe how prescriptions issued by [her] were transmitted to the Pharmacy Defendants, including but not limited to the names of the personnel who assisted [her] in that regard."

*Dr. Etienne responded that "handwritten prescriptions" were given to the office staff where she worked. Further, Dr. Etienne responded that she does not know how the handwritten prescriptions were sent to any pharmacy.*

This response is incomplete. Please supplement Dr. Etienne's response to include the following:

- the names of the office staff which Dr. Etienne states she gave "handwritten prescriptions" to and the medical professional corporation(s) and location(s) for which each worked for; and

- how Dr. Etienne transmitted pre-printed and/or electronic prescriptions to the Pharmacy Defendants, including the names of the personnel who assisted her in that regard.

RIVKIN RADLER  LLP

April 15, 2020
Page 4

**Interrogatory No. 9**:

GEICO requested that Dr. Etienne identify "each person that has access to [her] prescription pads/forms and Letter of Medical Necessity."

*Dr. Etienne objected on the grounds that the demand was "overbroad and [sought] irrelevant information. Despite these objections, Dr. Etienne responded that she is the only person who has access to her prescriptions pads. Dr. Etienne further responded that "other workers at the office have access to blank prescription forms and letters of medical necessity."*

Dr. Etienne's objections are without merit. GEICO's requests are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. GEICO's Complaint alleges that the Defendants prescribed the Fraudulent Pharmaceuticals pursuant to fraudulent protocols designed to exploit the patients for financial gain, without regard for genuine patient care. Therefore, the information sought is plainly relevant and proportional to the needs of the instant matter. Moreover, this response is incomplete. Please supplement Dr. Etienne's response to include the following:

- clarify whether "workers at the office" have access to blank prescription forms and prescription pads;

- the names of the "workers at the office" that have access to blank prescription forms/pads and letters of medical necessity";

- identify the professional corporations and locations where "the workers at the office" were employed; and

- the name of the person(s) who provide and/or maintain the blank prescription forms and letters of medical necessity.

**Interrogatory No. 10**:

GEICO requested that Dr. Etienne "[i]dentify each person that has authority to assist [her] with issuing and/or transmitting electronic prescriptions on [her] behalf.

*Dr. Etienne objected on the grounds that the demand is "overbroad and seeks irrelevant information." Despite these objections, Dr. Etienne responded that the "office staff" had the authority to assist her in issuing and/or transmitting electronic prescriptions on her behalf but she does not recall any of their names.*

RIVKIN RADLER  LLP

April 15, 2020
Page 5

Dr. Etienne's objections are without merit. GEICO's requests are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. GEICO's Complaint alleges that the Defendants prescribed the Fraudulent Pharmaceuticals pursuant to fraudulent protocols designed to exploit the patients for financial gain, without regard for genuine patient care. Therefore, the information sought is plainly relevant and proportional to the needs of the instant matter. Moreover, this response is incomplete. Please supplement Dr. Etienne's response and identify the professional corporations and clinic locations at which the "office staff" worked.

**Interrogatory Nos. 15 and 16:**

GEICO requested that Dr. Etienne "[i]dentify all proprietorships, professional services corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider or business that [she has] owned, in whole or in part."  GEICO further requested that for each entity or provider identified, Dr. Etienne state whether she prescribed any compounded pain products to patients treating with each entity and identify the formulations of such products and the pharmacy that compounded and dispensed them."

*Dr. Etienne objected to these demands on the grounds that the requests are overbroad and they see information "about formulations of compound pain creams not at issue in this case or that were never provided to Plaintiffs' insureds."*

Dr. Etienne's objections are without merit. GEICO's requests are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that the Defendants participate in illegal, collusive relationships in which the Pharmacy Defendants solicit and receive illegal prescriptions from the Prescribing Defendants in exchange for unlawful kickbacks and other financial incentives.  Moreover, GEICO further alleges that Wellmart Rx engages in illegal bulk compounding by specializing in producing and dispensing large quantities of the topical compounded pain creams in set formulations (the "Fraudulent Compounded Pain Creams"), which are not approved by the United States Food and Drug Administration ("FDA"), without tailoring the medications to individual needs of any individual patient, and without complying with state and federal licensing requirements designed to ensure the quality, safety and effectiveness of mass produced drug products. Therefore, information regarding Dr. Etienne's prescription practices with respect other healthcare entities she has owned in whole or in part is is plainly relevant and proportional to the needs of the instant matter.

**Interrogatory No. 19 and Document Request Nos. 16-18:**

GEICO requested that Dr. Etienne:

RIVKIN RADLER  LLP

April 15, 2020
Page 6

- "[i]dentify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distributions concerning [Dr. Etienne's] income and expenses have been made.

GEICO also requested that Dr. Etienne produce the following:

- "[a]ll K-1s, W-2s, and 1099s issued to or by [her] concerning Preferred Medical, P.C., Paramount Services, P.C., or any other healthcare professional corporation that treats insureds to whom [she] prescribed Pharmaceuticals";

- "[a]ll Federal, New York State, and New York City income tax returns prepared or filed by [Dr. Etienne], including all attachments and schedules, during the time that [Dr. Etienne was] associated with Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom [Dr. Etienne has] prescribed Pharmaceutical"; and

- "[a]ll bank records for any account (including checking, savings, and money market) held or maintained by [Dr. Etienne] during the time that [Dr. Etienne was] associated with Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom [Dr. Etienne has] prescribed Pharmaceuticals. This request should be deemed to include all statements, cancelled checks, check registers, signature cards, and bank resolutions".

*Dr. Etienne objected to these demands on the grounds that they violate Federal Rule of Civil Procedure 26. Specifically, Dr. Etienne alleges that the requests are not relevant or proportional to the instant action because they seek documents and information pertaining to Dr. Etienne's financial records that are not at issue in this matter.*

Dr. Etienne's objections are without merit. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Furthermore, the financial records, such as those requested in the above documents requests, are discoverable to the extent that they will assist Plaintiffs in demonstrating that the Defendants' fraudulent scheme, and therefore, their financial gain, was dependent on those to whom they paid kickbacks. "Evidence of a defendant's motive for participation in a fraudulent scheme is discoverable" and financial documents such as those sought in the instant matter "are discoverable to establish that motive." State Farm Mut. Auto. Ins. Co. v. Fayda, 14-CV-9792 (WHP)(JCF), 2015 U.S. Dist. Lexis 162164 (S.D.N.Y. 2015);

RIVKIN RADLER  LLP

April 15, 2020
Page 7

citing, State Farm. Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2000) (financial records "may be relevant to establishing that defendants profited from their willingness" to order medically-unnecessary tests).

**Interrogatory No. 21:**

GEICO requested that Dr. Etienne:

- "[i]dentify all instances in which [she] gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by You or on behalf of any professional entity".

*Dr. Etienne objected to this request as "overbroad" and further argues that it seeks information that "is not limited to testimony involving the prescription of compounded medication to Plaintiffs' insureds."*

Dr. Etienne's objections are without merit. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for a multitude of Fraudulent Pharmaceuticals dispensed to Insureds. Specifically, GEICO further alleges that the Defendants participate in illegal, collusive relationships in which the Pharmacy Defendants solicit and receive illegal prescriptions from the Prescribing Defendants in exchange for unlawful kickbacks and other financial incentives. Therefore, testimony regarding Dr. Etienne's provision of healthcare goods and services is plainly relevant and proportional to the needs of the instant matter and directly related to the provision and billing of such healthcare services.

**Interrogatory No. 22 and Document Request No. 38:**

GEICO requested that Dr. Etienne:

- "[i]dentify all computer software, practice management systems and/or prescription-related systems that [Dr. Etienne has] used in connection with [her] professional entities and practices, whether such systems were owned by [Dr. Etienne] or not"; and

GEICO requested that Dr. Etienne produce:

- "[d]ocuments sufficient to identify all computer software, practice management systems, prescription-related software/systems that [Dr. Etienne has] used in the course of Preferred Medical, P.C. and Paramount Medical Services, P.C.'s respective businesses, whether owned by [Dr. Etienne] or not".

RIVKIN RADLER  LLP

April 15, 2020
Page 8

*Dr. Etienne objected to these demands on the grounds that these demands are overbroad and/or not proportional to the needs of the instant matter.*

Dr. Etienne's objections are without merit. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. The documents and information sought is plainly relevant and proportional to the needs of the instant matter and directly related to the rendering of healthcare services.

**Interrogatory No. 23:**

GEICO requested that Dr. Etienne "[i]dentify all telephone numbers, fax numbers, and email addresses that [she has] used in connection with [her] professional entities and practices".

*Dr. Etienne objected to these demands on the grounds that these demands are overbroad and/or not proportional to the needs of the instant matter.*

Dr. Etienne's objections are without merit. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO further alleges that the Defendants participate in illegal, collusive relationships in which the Pharmacy Defendants solicit and receive illegal prescriptions from the Prescribing Defendants in exchange for unlawful kickbacks and other financial incentives. Therefore, the information sought is plainly relevant and proportional to the needs of the instant matter.

**Document Request Nos. 1, 2, 4-5, 20:**

GEICO requested Dr. Etienne produce the following:

- "[a]ll prescriptions [Dr. Etienne] signed, authorized and/or issued concerning any Pharmaceutical, including Compounded Pain Creams";

- [f]or each prescription that [Dr. Etienne] signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy";

- "[a]ll Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to [Dr. Etienne]";

- "[a]ll documents, communications, agreement or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded Pain Creams";

RIVKIN RADLER  LLP

April 15, 2020
Page 9

- "[a]ll communications between [Dr. Etienne] and Preferred Medical, P.C., Paramount Medical Services, or any other healthcare professional corporation that treats insureds to whom [Dr. Etienne has] prescribed Pharmaceuticals".

*Dr. Etienne objected to these demands on the grounds that they violate Federal Rule of Civil Procedure 26. Specifically, Dr. Etienne alleges that the requests are not relevant or proportional to the instant action because they seek documents and information related to patients that are not insured by GEICO and/or medications that are not subject to Plaintiffs' complaint. Dr. Etienne further responded that no responsive documents exist in Dr. Etienne's possession, custody, or control.*

Dr. Etienne's objections are without merit. These requests are proper under Federal Rule of Civil Procedure 26 in that they are both relevant to GEICO's claims and proportional to the needs of the case. GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for the Fraudulent Pharmaceuticals dispensed to Insureds. GEICO's Complaint further alleges that the Defendants perpetuate and conceal this fraudulent scheme by causing the Pharmacy Defendants to enter into illegal, collusive agreements with various prescribing healthcare providers, including the Prescribing Defendants who – without regard to genuine patient care – generate boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for the Fraudulent Pharmaceuticals often using labels, rubber stamps or preprinted template prescription forms generated and supplied to them by the Pharmacy Defendants in violation of law. Moreover, GEICO alleges that the Pharmacy Defendants provide the prescribing physicians, including the Prescribing Defendants, with prescription forms, stamps and labels so as to make it as convenient as possible for the prescribing physicians to authorize as many prescriptions as possible for the Fraudulent Pharmaceuticals, including the Compounded Pain Creams. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Dr. Etienne has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demand do not exist, have never existed, or whether they exist but are no longer in the direct possession, control or custody of Dr. Etienne.

<u>**Document Request Nos. 3, 6, 8, 25 & 33**</u>:

GEICO requested that Dr. Etienne produce the following:

RIVKIN RADLER  LLP

April 15, 2020
Page 10

- "[f]or each prescription for a Pharmaceutical, including Compounded Pain Creams, [Dr. Etienne] signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative";

- "[a]ll communications, correspondence or documents concerning the creation of the formulations of any of the Compounded Pain Creams filled or dispensed by the Pharmacy";

- "[a]ll documents concerning communications between [Dr. Etienne] and any person concerning the Pharmacy Defendants";

- "[a]ll communications between [Dr. Etienne] and the Pharmacy Defendants"; and

- "[a]ll documents demonstrating that the Compounded Pain Cream Prescribed by [Dr. Etienne], and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same".

*Dr. Etienne objected to these demands on the ground that it violates Federal Rule of Civil Procedure 26. Specifically, Dr. Etienne alleges that the requests are not relevant or proportional to the instant action because they seek documents, information and/or communications related to patients that are not insured by GEICO and medications that are not subject to Plaintiffs' complaint. Dr. Etienne further responded that despite these objections, it will produce patient files, which are the only documents responsive to these demands that exist in Defendant's possession, custody, or control."*

Dr. Etienne's objections are without merit. These requests are proper under Federal Rule of Civil Procedure 26 in that they are relevant to GEICO's claims and proportional to the needs of the case. GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for a multitude of Fraudulent Pharmaceuticals dispensed to the Insureds in order to exploit the Insureds for financial gain. GEICO also alleges that the Prescribing Defendants routinely prescribe or purport to prescribe the Fraudulent Pharmaceuticals in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Moreover, GEICO alleges that Wellmart Rx engages in fraudulent, illegal pharmaceutical compounding activities and specializes in producing and dispensing Compounded Pain Creams that are not specifically tailored to the unique needs of individual patients by the prescribing physicians, including the Prescribing Defendants. As alleged in GEICO's Complaint, the vast majority of the fraudulent claims submitted by Wellmart Rx to GEICO result from illegal, collusive, agreements with the Prescribing Defendants.  Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

RIVKIN RADLER  LLP

April 15, 2020
Page 11


**Document Request Nos. 7, 13, 24, 26, 27 & 28:**

GEICO requested Dr. Etienne produce the following:

- "[a]ll documents concerning communications between [Dr. Etienne] and the Pharmacy Defendants";

- "[a]ll brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including Compounded Pain Creams";

- "[a]ll agreements between [Dr. Etienne] and the Pharmacy Defendants";

- "[a]ll communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, Neighborhood Medical Healthcare, P.C., Metrocare Medical P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C. and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals";

- "[a]ll documents and agreements with any person and/or entity that provides services for or on behalf of [Dr. Etienne] concerning Preferred Medical, P.C. or Paramount Medical Services, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services"; and

- "[a]ll communications between [Dr. Etienne] and any person that provides goods or services to Preferred Medical, P.C. or Paramount Medical Services, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services".

*Dr. Etienne objected to these demands on the ground that it violates Federal Rule of Civil Procedure 26. Specifically, Dr. Etienne alleges that the requests are not relevant or proportional to the instant action because they seek documents, information and/or communications related to patients that are not insured by GEICO and medications that are not subject to Plaintiffs' complaint. Dr. Etienne further responded that despite these objections, "[n]o documents responsive" to these demands "have ever existed in Defendant's possession, custody, or control."*

Dr. Etienne's objections are without merit. These requests are proper under Federal Rule of Civil Procedure 26. Specifically, GEICO claims that the Pharmacy Defendants entered illegal, collusive agreements with

RIVKIN RADLER  LLP

April 15, 2020
Page 12

the Prescribing Defendants who – without regard to genuine patient care – generated boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for Fraudulent Pharmaceuticals, often using labels, rubber stamps or preprinted template prescription forms generated and supplied to them by the Pharmacy Defendants in violation of law. The Defendants prescribe and dispense the Fraudulent Pharmaceuticals pursuant to predetermined fraudulent protocols designed to exploit the patients for financial gain, without regard for patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.  Dr. Etienne has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in the direct possession, custody or control of Dr. Etienne.

**Document Request Nos. 9, 22, 23, 29, 30, 35, and 37**:

GEICO requested Dr. Etienne produce the following:

- "[a]ll agreements between [Dr. Etienne] and the Pharmacy Defendants";

- "[a]ll agreements between [Dr. Etienne] and the Prescribing Defendants";

- "[a]ll communications between [Dr. Etienne] and the Prescribing Defendants";

- "[a]ll documents concerning any authorization by [Dr. Etienne] given to anyone to sign [her] name or to apply a signature stamp or electronic signature of [her] name on any document that has been submitted to GEICO";

- "[a]ll documents concerning any authorization by [Dr. Etienne has] given to anyone to prescribe Pharmaceuticals in [her] name";

- "[a]ll documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving [Dr. Etienne]"; and

- "[a]ll articles of incorporation, articles of organization, by-laws, shareholder agreements, membership agreements, stock certificates, minutes, resolutions, operating agreements, and corporate documents for any professional corporation, partnership, company or business owned in whole or in part by [Dr. Etienne], during the time that [Dr. Etienne was] associated with Preferred Medical Care, P.C. or Paramount Medical Services, P.C.".

*In response to each of the document requests listed above, Dr. Etienne stated, "No such documents exist or have existed in Defendant's possession, custody, or control."*

RIVKIN RADLER  LLP

April 15, 2020
Page 13

Dr. Etienne has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these did not exist, have never existed, or whether they exist but are not in the direct possession, custody or control of Dr. Etienne.

**Document Request Nos. 10-12**:

GEICO requested Dr. Etienne produce the following:

- "[a]ll documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by [Dr. Etienne] for the prescription of Pharmaceuticals";
- "[a]ll documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by [Dr. Etienne] for the prescription of compounded drugs, topical pain creams/gels/ointments, and/or topical pain patches"; and

- "[a]ll treatment records, evaluation reports, notes and accompanying patient records for each patient to whom [Dr. Etienne] prescribed Pharmaceuticals".

*Dr. Etienne objected to these demands on the ground that it violates Federal Rule of Civil Procedure 26. Specifically, Dr. Etienne alleges that the requests are not relevant or proportional to the instant action because they seek documents, information and/or communications related to patients that are not insured by GEICO and medications that are not subject to Plaintiffs' complaint. Dr. Etienne further responded that despite these objections, "[n]o documents responsive" to these demands "have ever existed in Defendant's possession, custody, or control."*

Dr. Etienne's objections are without merit. These requests are proper under Federal Rule of Civil Procedure 26. Specifically, GEICO claims that the Pharmacy Defendants entered illegal, collusive agreements with the Prescribing Defendants who – without regard to genuine patient care – generated boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for Fraudulent Pharmaceuticals, often using labels, rubber stamps or preprinted template prescription forms generated and supplied to them by the Pharmacy Defendants in violation of law. The Defendants prescribe and dispense the Fraudulent Pharmaceuticals pursuant to predetermined fraudulent protocols designed to exploit the patients for financial gain, without regard for patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.  Dr. Etienne has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in the direct possession, custody or control of Dr. Etienne.

RIVKIN RADLER  LLP

April 15, 2020
Page 14


**Document Request Nos. 14, 19**:

GEICO requested that Dr. Etienne produce the following:

- "[a]ll attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning [Dr. Etienne's] association and/or employment with any healthcare corporation or practice where [she] prescribed any Pharmaceuticals, including any Compounded Pain Cream;" and

- "[a]ll agreements between [Dr. Etienne] and Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation or practice that treats insureds to whom [Dr. Etienne has] prescribed Pharmaceuticals".

*Dr. Etienne objected to these demands on the ground that it violates Federal Rule of Civil Procedure 26. Specifically, Dr. Etienne alleges that the requests are not relevant or proportional to the instant action because they seek documents and information pertaining to Dr. Etienne's taxes that are not at issue in this matter. Dr. Etienne further responded that despite this objection, "[w]ill produce any employment agreements and attendance records to the extent any such documents exist in Defendant's possession, custody, or control."*

Dr. Etienne's objections are without merit. These requests are proper under Federal Rule of Civil Procedure 26 in that it is both relevant to GEICO's claims and proportional to the needs of the case. GEICO's requests are specifically tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's compliant. As alleged in GEICO's complaint, the Defendants engaged in collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Furthermore, the financial records, such as those requested in the above documents requests, are discoverable to the extent that they will assist Plaintiffs in demonstrating that the Defendants' fraudulent scheme, and therefore, their financial gain, was dependent on those to whom they paid kickbacks. "Evidence of a defendant's motive for participation in a fraudulent scheme is discoverable" and financial documents such as those sought in the instant matter "are discoverable to establish that motive." State Farm Mut. Auto. Ins. Co. v. Fayda, 14-CV-9792 (WHP)(JCF), 2015 U.S. Dist. Lexis 162164 (S.D.N.Y. 2015); citing, State Farm. Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2000) (financial records "may be relevant to establishing that defendants profited from their willingness" to order medically-unnecessary tests).

RIVKIN RADLER LLP

April 15, 2020
Page 15

**Document Request No. 34**:

GEICO requested Dr. Etienne produce the following:

- "[a]ll documents concerning any and all training undertaken or received by [Dr. Etienne] concerning the prescription of compounded drugs and the formulations of compounded drugs".

*Dr. Etienne objected to this demand on the ground that it violates Federal Rule of Civil Procedure 26. Specifically, Dr. Etienne alleges that the request seeks documents and information that is not relevant or proportional to the instant action because the demands are overbroad and/or seek documents and/or information that are not at issue in this matter.*

Dr. Etienne's objections are without merit. This request is proper under Federal Rule of Civil Procedure 26 in that it is relevant to GEICO's claims and proportional to the needs of the case. GEICO's request is precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO alleges that Prescribing Defendants, including Dr. Etienne routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals pursuant to predetermined treatment protocols, without regard to genuine patient care. GEICO alleges that Wellmart Rx engages in fraudulent, illegal pharmaceutical compounding activities and specializes in producing and dispensing Compounded Pain Creams that are not specifically tailored to the unique needs of individual patients by the prescribing physicians, including the Prescribing Defendants. Moreover, in response to Interrogatory No. 6, Dr. Etienne stated that she in fact decides the formulations of the Compounded Pain Creams she prescribes, Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

\* \* \*

Both Fed. R. Civ. P. 37(a)(2)(B) and E.D.N.Y. Local Civil Rule 37.3 require good faith efforts to resolve discovery disputes as a condition precedent to motion practice. This letter shall constitute a good faith effort on GEICO's behalf to avoid the need for judicial intervention.

We look forward to your prompt response.

Very truly yours,

RIVKIN RADLER LLP

*Jennifer Abreu*

Jennifer Abreu



WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**JENNIFER ABREU**
(516) 357-3218
jennifer.abreu@rivkin.com

April 15, 2020

**VIA ELECTRONIC AND REGULAR MAIL**
Nicholas Bowers, Esq.
Gary Tsirelman, P.C.
129 Livingston Street
Brooklyn, NY 11201
nbowers@gtmdjd.com

Re:   Government Employees Insurance Company, et al. v. Wellmart Rx Inc., et al.
      Docket No. 1:19-cv-04414 (KAM)(RLM)
      RR File No.:  005100-02794

Counselor:

We represent Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (together "GEICO") in the above-referenced matter. We are in receipt of the Interrogatory Responses and the Document Responses that you served on behalf of your client, Claudia Geris, P.A. ("Geris"), in response to GEICO's Interrogatories and Document Requests. As discussed below, numerous Interrogatory and Document Responses are deficient. This letter shall constitute GEICO's effort to "meet and confer" in good faith over these discovery disputes prior to seeking court intervention.

Please respond promptly so we can avoid unnecessary motion practice.

**Production of Documents**

Initially, GEICO notes that Defendant has agreed to produce certain documents, albeit limited in scope, in response to various discovery demands made by GEICO. However, to-date, no documents have been provided. Furthermore, Defendant's General Responses and Objections state that Defendant will not produce any documents, information or objects until a confidentiality agreement has been reached by all parties. Please be advised that on December 23, 2019, Chief Magistrate Judge Roanne L. Mann approved and so-ordered the Confidentiality Order for all parties. See Docket No. 67. Accordingly, please advise as to when outstanding documents referenced in Defendant's responses will be produced.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

April 15, 2020
Page 2

Additionally, throughout its discovery responses, Geris repeatedly states that responsive documents are not in its "possession, custody or control", or that it will produce documents responsive to GEICO's Interrogatories and Document Requests which are in its "possession, custody or control." Courts have held that under Federal Rule of Civil Procedure 34, a responding party's duty to disclose documents in its "possession, custody, or control" goes beyond items that are in the direct possession of the responding party, and includes any items that the responding party has the right or ability to obtain from the person with whom possession lies. See, New Falls Corp. v. Soni, 2018 U.S. Dist. LEXIS 111953 (E.D.N.Y. 2018)

Therefore, we expect that Geris will make a good faith effort to be forthcoming in responding to GEICO's discovery demands and comply with its duty to preserve and collect responsive materials beyond those that are within in its direct possession.

### Deficiencies in Geris' Responses

**Interrogatory No. 1**:

GEICO sought information regarding how "how [Geris] first became aware of each Pharmacy Defendant and the reason(s) why [she] began utilizing the Pharmacy Defendants to dispense any of the Compounded Pain Creams and/or other Pharmaceuticals."

*Geris responded that she "only wrote prescriptions and did not send them anywhere" herself.*

This response is incomplete. Please describe how Geris first became aware of each of the Pharmacy Defendants. Further, if Geris did not send prescriptions to any pharmacies herself, identify the person(s) who did so on her behalf, who began utilizing the Pharmacy Defendants to dispense the Compounded Pain Creams and/or other Pharmaceuticals prescribed by Geris, and why that person(s) began utilizing the Pharmacy Defendants.

**Interrogatory No. 8**:

GEICO requested that Geris "[i]dentify and describe how prescriptions issued by [her] were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted [her] in that regards."

*Geris responded that she gave "any prescriptions [she] wrote to staff at the office." Further, Geris responded that she does not know how the prescriptions were transmitted to a particular pharmacy.*

This response is incomplete. Please supplement Geris' response and identify the names of the office staff who Geris states she gave prescriptions to and the medical professional corporation(s) and location(s) where they each worked.

RIVKIN RADLER  LLP

April 15, 2020
Page 3

**Interrogatory No. 9**:

GEICO requested that Geris "[i]dentify each person that has access to [her] prescription pads/forms and Letter of Medical Necessity."

*Geris objected to this demand on the grounds that it is "overbroad and seeks irrelevant information." Despite these objections, Geris responded that her "coworkers, including Dr. Viviane Etienne" have access to her letters of medical necessity and prescription forms and that only she has access to her prescription pads.*

Geris' objections are without merit. GEICO's requests are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. GEICO's Complaint alleges that the Defendants prescribed the Fraudulent Pharmaceuticals pursuant to fraudulent protocols designed to exploit the patients for financial gain, without regard for genuine patient care. Therefore, the information sought is plainly relevant and proportional to the needs of the instant matter. Moreover, this response is incomplete. Please supplement Geris' response to include the following:

- the names of any "coworkers" other than Dr. Viviane Etienne who have access to blank prescription forms and letters of medical necessity"; and

- identify the professional corporations and locations where these "coworkers" were employed.

**Interrogatory No. 10**:

GEICO requested that Geris "[i]dentify each person that has authority to assist [Geris] with issuing and/or transmitting electronic prescriptions on [Geris'] behalf."

*Geris responded that "[o]nly office staff whose full names and contact information [Geris does] not recall."*

This response is incomplete. Please supplement this response with any information Geris recalls regarding the names and/or aliases of any office staff and any contact information, including the professional corporations or clinic locations from where they worked.

**Interrogatory No. 18**:

GEICO requested that "[f]or each entity or provider identified in … Interrogatory [No. 17, Geris] state whether [she] prescribed any compounded drugs to patients treating at each entity and identify the formulations of such creams and the pharmacy that compounded and dispensed them per [her] Prescription."

RIVKIN RADLER  LLP

April 15, 2020
Page 4

*Geris objected on the grounds that the above demand is "overbroad and seeks irrelevant information" because it seeks information about her employment that does involve Plaintiffs' insureds. Despite these objections, Geris responded that she "prescribed compounded pain medications to patients at [her] places of employment."*

Geris' objections are without merit. GEICO's requests are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. GEICO's Complaint alleges that the Defendants prescribed the Fraudulent Pharmaceuticals pursuant to fraudulent protocols designed to exploit the patients for financial gain, without regard for genuine patient care. Therefore, the information sought is plainly relevant and proportional to the needs of the instant matter. Moreover, this response is incomplete. Please supplement Geris' response to include the following:

- identify each professional corporation where Geris was employed and prescribed compounded pain medications and its' clinic location;

- identify the formulations of such compounded pain medications that Geris prescribed at each professional corporation; and

- identify the pharmacy that dispensed such compounded pain creams.

**Interrogatory No. 19, Document Request No. 16-18:**

GEICO requested that Geris:

- "[i]dentify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distribution concerning [Geris'] income and expenses have been made".

GEICO further requested that Geris produce the following:

- "[a]ll K-1s, W-2s, and 1099s issued to or by You concerning Preferred Medical, P.C., Paramount Medical Services. P.C., or any other healthcare professional corporation that treats insureds to whom [Geris has] prescribed Pharmaceuticals";

- "[a]ll Federal, New York State, and New York City income tax returns prepared or filed by [Geris], including all attachments and schedules, during the time [Geris was] associated with Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom [Geris has] prescribed Pharmaceuticals"; and

RIVKIN RADLER  LLP

April 15, 2020
Page 5

- "[a]ll bank records for any account (including checking, savings, and money market) held or maintained by [Geris] during the time that [Geris was] associated with Preferred Medical, P.C., Paramount Medical Services. P.C., or any other healthcare professional corporation that treats insureds to whom [Geris has] prescribed Pharmaceuticals".

*Geris objected to these demands on the grounds that the demands are overbroad and/or irrelevant and that the demands seek financial information that is not relevant to the instant matter.*

Geris' objections are without merit. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Furthermore, the financial records, such as those requested in the above documents requests, are discoverable to the extent that they will assist Plaintiffs in demonstrating that the Defendants' fraudulent scheme, and therefore, their financial gain, was dependent on those to whom they paid kickbacks. "Evidence of a defendant's motive for participation in a fraudulent scheme is discoverable" and financial documents such as those sought in the instant matter "are discoverable to establish that motive." State Farm Mut. Auto. Ins. Co. v. Fayda, 14-CV-9792 (WHP)(JCF), 2015 U.S. Dist. Lexis 162164 (S.D.N.Y. 2015); citing, State Farm. Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2000) (financial records "may be relevant to establishing that defendants profited from their willingness" to order medically-unnecessary tests).

**Interrogatory No. 21**:

GEICO requested that Geris "[i]dentify all instance in which [Geris] gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by [Geris] or on behalf of any professional entity".

*Geris responded that "[n]o documents responsive to this demand have ever existed in my possession, custody, or control."*

This response is incomplete. GEICO asked Geris to *identify* any instance in which she gave testimony in connection with professional goods or services she rendered. Please supplement this response to state whether any such instances have occurred and, if so, to identify the date and time of such instance and the professional entity associated with Geris' testimony.  Additionally, Geris has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery

RIVKIN RADLER  LLP

April 15, 2020
Page 6

demands. Please clarify whether documents responsive to these demand do not exist, have never existed, or whether they exist but are no longer in the direct possession, control or custody of Geris.

**Interrogatory No. 22 and Document Request No. 38**:

GEICO requested that Geris:

- "[i]dentify all computer software, practice management systems and/or prescription-related systems that [Geris has] used in connection with [Geris'] professional entities and practices, whether such systems were owned by [Geris] or not".

GEICO further requested that Geris produce:

- "[d]ocuments sufficient to identify all computer software, practice management systems, prescription-related software/systems that [Geris has] used in the course of Preferred Medical, P.C. and Paramount Medical Services, P.C.'s respective businesses, whether owned by [Geris] or not".

*Geris objected to these demands on the grounds that these demands are overbroad, not relevant and/or not proportional to the needs of the instant matter.*

Geris' objections are without merit. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. The documents and information sought is plainly relevant and proportional to the needs of the instant matter and directly related to the rendering of healthcare services.

**Interrogatory No. 23**:

GEICO requested that Geris "[i]dentify all telephone numbers, fax numbers, and e-mail addresses that [Geris has] used in connection with [Geris'] professional entities and practices".

*Geris objected to these demands on the grounds that these demands are overbroad and/or not relevant to Plaintiffs' claims in the instant matter.*

Geris' objections are without merit. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO further alleges that the Defendants participate in illegal, collusive relationships in which the Pharmacy Defendants solicit and receive illegal prescriptions from the Prescribing Defendants in exchange for unlawful kickbacks and other financial incentives. Therefore, the information sought is plainly relevant and proportional to the needs of the instant matter.

RIVKIN RADLER  LLP

April 15, 2020
Page 7

**Document Request Nos. 1-4, 12, 32-33:**

GEICO requested that Geris produce the following:

- "[a]ll prescriptions [Geris] signed, authorized, and/or issued concerning any Pharmaceutical, including Compounded Pain Cream";

- "[f]or each prescription that [Geris] signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy";

- "[f]or each prescription for a Pharmaceutical, including Compounded Pain Creams, [Geris] signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative";

- "[a]ll Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to [Geris]";

- "[a]ll treatment records, evaluation reports, notes and accompanying patient records for each patient to whom [Geris] prescribed Pharmaceuticals";

-  "[a]ll treatment plans prepared by [Geris] for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug"; and

- "[a]ll documents demonstrating that the Compounded Pain Cream prescribed by [Geris], and filled or dispensed by the Pharmacies, was medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same".

*Geris objected to these demands on the ground that it violates Federal Rule of Civil Procedure 26. Specifically, Geris alleges that the requests are not relevant or proportional to the instant action because it seek documents and information regarding patients that are not insured by GEICO and/or medications that are not subject to the instant matter. Geris further responded that despite this objection, the "Defendant does not have possession, custody, or control" of the requested documents and information.*

Geris' objections are without merit. GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for the Fraudulent Pharmaceuticals dispensed to Insureds. GEICO's Complaint further

RIVKIN RADLER  LLP

April 15, 2020
Page 8

alleges that the Defendants perpetuate and conceal this fraudulent scheme by causing the Pharmacy Defendants to enter into illegal, collusive agreements with various prescribing healthcare providers, including the Prescribing Defendants who – in exchange for kickbacks and without regard to genuine patient care – generate boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for the Fraudulent Pharmaceuticals. GEICO also alleges that the Pharmacy Defendants provide the prescribing physicians, including the Prescribing Defendants, with prescription forms, stamps and labels so as to make it as convenient as possible for the prescribing physicians to authorize as many prescriptions as possible for the Fraudulent Pharmaceuticals, including the Compounded Pain Creams. Moreover, GEICO alleges that Wellmart Rx engages in fraudulent, illegal pharmaceutical compounding activities and specializes in producing and dispensing compounded pain creams that are not specifically tailored to the unique needs of individual patients by the Prescribing Defendants. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Geris has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in direct possession, control or custody of Geris.

**<u>Document Request Nos. 5-8, 10-11, 13, 24-28, 36</u>**:

GEICO requested that Geris produce the following:

- "[a]ll documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded Pain Creams";

- "[a]ll communications, correspondence or documents concerning the creation of the formulations of any of the Compounded Pain Creams filled or dispensed by the Pharmacy"

- "[a]ll documents concerning the communications between [Geris] and the Pharmacy Defendants";

- "[a]ll documents concerning communications between [Geris] and any person concerning the Pharmacy Defendants";

- "[a]ll documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by [Geris] for the prescription of Pharmaceuticals";

- "[a]ll documents concerning any procedures, protocols, or rules of any kind promulgated, maintained, or used by You for the prescription of compounded drugs, topical pain creams/gels/ointments, and/or topical pain patches";

RIVKIN RADLER  LLP

April 15, 2020
Page 9

- "[a]ll brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including Compounded Pain Creams";

- "[a]ll agreements between [Geris] and the Pharmacy Defendants";

- "[a]ll communications between [Geris] and the Pharmacy Defendants";

- "[a]ll communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, Neighborhood Medical Healthcare, P.C., Metrocare Medical, P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C., and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals";

- "[a]ll documents and agreements with any person and/or entity that provides services for or on behalf of [Geris] concerning Preferred Medical, P.C. or Paramount Medical Services, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services";

- "[a]ll communications between [Geris] and any person that provides goods or services to Preferred Medical, P.C. or Paramount Medical Services, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services"; and

- "[a]ll transcripts of any testimony given by [Geris] (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) by or on behalf of Preferred Medical Care, P.C. or Paramount Medical Services, P.C., or any other professional healthcare corporation that you are or have been associated with, including all documents marked in connection with the testimony".

*Geris objected to these demands on the ground that it violates Federal Rule of Civil Procedure 26. Specifically, Geris alleges that the requests are not relevant or proportional to the instant action because it seek documents and information regarding patients that are not insured by GEICO and/or medications that are not subject to the instant matter. Geris further responded that despite this objection, the "Defendant does not have possession, custody, or control" of the requested documents and information.*

RIVKIN RADLER  LLP

April 15, 2020
Page 10

Geris' objections are without merit. GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for the Fraudulent Pharmaceuticals dispensed to Insureds. GEICO's Complaint further alleges that the Defendants perpetuate and conceal this fraudulent scheme by causing the Pharmacy Defendants to enter into illegal, collusive agreements with various prescribing healthcare providers, including the Prescribing Defendants who – in exchange for kickbacks and without regard to genuine patient care – generate boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for the Fraudulent Pharmaceuticals. GEICO also alleges that the Pharmacy Defendants provide the prescribing physicians, including the Prescribing Defendants, with prescription forms, stamps and labels so as to make it as convenient as possible for the prescribing physicians to authorize as many prescriptions as possible for the Fraudulent Pharmaceuticals, including the Compounded Pain Creams. Moreover, GEICO alleges that Wellmart Rx engages in fraudulent, illegal pharmaceutical compounding activities and specializes in producing and dispensing compounded pain creams that are not specifically tailored to the unique needs of individual patients by the Prescribing Defendants. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Geris has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in direct possession, control or custody of Geris.

**Document Request Nos. 9, 22, 23, 29, 30, 31, 37:**

GEICO requested that Geris produce the following:

- "[a]ll agreements between [Geris] and the Pharmacy Defendants";

- "[a]ll agreements between [Geris] and the Prescribing Defendants";

- "[a]ll communications between [Geris] and the Prescribing Defendants";

- "[a]ll documents concerning any authorization by [Geris] given to anyone to sign [Geris'] name or to apply a signature stamp or electronic signature of [Geris'] name on any document that has been submitted to GEICO";

- "[a]ll documents concerning any authorization by [Geris] given to anyone to prescribe Pharmaceuticals in [Geris'] name";

RIVKIN RADLER  LLP

April 15, 2020
Page 11

- "[a]ll studies and/or documents concerning any research studies, including any peer review and/or double blind studies or practice guidelines, regarding protocols for an/or the medical utility/value of any of Compounded Pain Cream or topical cream/gel prescribed by [Geris]";

- "[a]ll documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving [Geris]"; and

- "[a]ll articles of incorporation, by-laws, shareholder agreements, stock certificates, minutes, resolutions, operating agreements, statements, transfer/sale, and other corporate documents for any professional corporation, partnership, company, or business owned in whole or in part by [Geris], during the time [Geris was] associated with Preferred Medical Care, P.C. or Paramount Medical Services, P.C.".

*In response to each of the document requests listed above, Geris stated, "No such documents responsive to this demand exist in Defendant's possession, custody or control."*

Geris has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands.  Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in direct possession, control or custody of Geris.

**Document Request No. 20**:

GEICO requested that Geris produce the following:

- "[a]ll communications between [Geris] and Preferred Medical, P.C., Paramount Medical Services, P.C., or any other healthcare professional corporation that treats insureds to whom [Geris has] prescribed Pharmaceuticals".

*Geris objected to this demand on the grounds that it violates Federal Rule of Civil Procedure 26. Specifically, Geris alleges that the request is overbroad and it seeks documents and information that is not relevant or proportional to the instant action because they seek "documents and information regarding patients other than those insured by Plaintiff and for medications not subject to Plaintiffs' Complaint."*

Geris' objections are without merit. This request is proper under Federal Rule of Civil Procedure 26 in that it is both relevant to GEICO's claims and proportional to the needs of the case. GEICO's requests are specifically tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's compliant. As alleged in GEICO's complaint, the Defendants engaged in collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and

RIVKIN RADLER  LLP

April 15, 2020
Page 12

incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

\*   \*   \*

Both Fed. R. Civ. P. 37(a)(2)(B) and E.D.N.Y. Local Civil Rule 37.3 require good faith efforts to resolve discovery disputes as a condition precedent to motion practice. This letter shall constitute a good faith effort on GEICO's behalf to avoid the need for judicial intervention.

We look forward to your prompt response.

Very truly yours,

RIVKIN RADLER LLP

*Jennifer Abreu*

Jennifer Abreu



WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**JENNIFER ABREU**
(516) 357-3218
jennifer.abreu@rivkin.com

April 15, 2020

<u>**VIA ELECTRONIC AND REGULAR MAIL**</u>
Mark L. Furman, Esq.
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf & Carone, LLP
1 MetroTech Center, Suite 1701
Brooklyn, New York 11201
MFurman@Abramslaw.com

Re:    Government Employees Insurance Company, et al. v. Wellmart Rx Inc., et al.
       Docket No. 1:19-cv-04414 (KAM)(RLM)
       <u>RR File No.:  005100-02794</u>

Counselor:

We represent Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (together "GEICO") in the above-referenced matter. We are in receipt of the Interrogatory Responses and the Document Responses that you served on behalf of your client, Andrew Patrick, M.D. ("Dr. Patrick"), in response to GEICO's First Set of Interrogatories and First Demand for Production of Documents (the "Discovery Demands").  As discussed below, numerous Interrogatory and Document Responses are deficient.  This letter shall constitute GEICO's effort to "meet and confer" in good faith over these discovery disputes prior to seeking court intervention.

Please respond promptly so we can avoid unnecessary motion practice.

<u>**Production of Documents**</u>

Initially, GEICO notes that Defendant has agreed to produce certain documents, albeit limited in scope, in response to various discovery demands made by GEICO. However, to-date, no documents have been provided. Furthermore, Defendant's General Responses and Objections state that Defendant will not produce any documents and/or information that is confidential, proprietary or a trade secret unless there is protective order in this action. Please be advised that on December 23, 2019, Chief Magistrate Judge Roanne L. Mann approved and so-ordered the Confidentiality Order for all parties. <u>See</u> Docket No. 67. Accordingly, please advise as to when outstanding documents referenced in Defendant's responses will be produced.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

April 15, 2020
Page 2


Additionally, throughout its discovery responses, Dr. Patrick repeatedly states that responsive documents are not in his "possession, custody or control", or that he will produce documents responsive to GEICO's Discovery Demands which are in his "possession, custody or control." Courts have held that under Federal Rule of Civil Procedure 34, a responding party's duty to disclose documents in its "possession, custody, or control" goes beyond items that are in the direct possession of the responding party, and includes any items that the responding party has the right or ability to obtain from the person with whom possession lies. See, New Falls Corp. v. Soni, 2018 U.S. Dist. LEXIS 111953 (E.D.N.Y. 2018)

Therefore, we expect that Dr. Patrick will make a good faith effort to be forthcoming in responding to GEICO's discovery demands and comply with its duty to preserve and collect responsive materials beyond those that are within in its direct possession.

### **Deficiencies in Dr. Patrick's Responses**

**Interrogatory No. 1**:

GEICO requested that Dr. Patrick "[d]escribe how [he] first became aware of each Pharmacy Defendant and the reason(s) why [he] began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams."

*Dr. Patrick responded that he first became aware of Pharmacy Defendant Wellmart Rx "approximately five-years ago because the pharmacy was delivering prescriptions to other patients who were seen at 71 South Central Avenue, Valley Stream, NY."*

This response is incomplete. Please supplement Dr. Patrick's response to include:

- clarify whether Dr. Patrick was rendering treatment at 71 South Central Avenue, Valley Stream, NY when he first became aware of Pharmacy Defendant Wellmart Rx and if so, identify the professional corporation under which he was rendering treatment; and

- describe how Dr. Patrick first became aware of Pharmacy Defendants Simon Davydov ("Davydov") and Ruslan Nektalov a/k/a Russ Nekta ("Nektalov") and the reason(s) why he began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams.

**Interrogatory No. 2**:

RIVKIN RADLER  LLP

April 15, 2020
Page 3

GEICO requested that Dr. Patrick "[i]dentify every person associated with the Pharmacy Defendants that [he] personally communicated with and state [his] understanding of that person's duties and/or role with regard to the Pharmacy."

*Dr. Patrick responded that he communicated with Nektalov who was responsible for making deliveries to Marvin Moy, M.D.'s patients. Dr. Patrick further responded that Nektalov "made phone calls regarding insurance information for the pharmacy when they were needed."*

Please clarify whether Nektalov also made deliveries for Dr. Patrick's patients and/ or phones calls regarding insurance information for Dr. Patrick's patients.

**Interrogatory No. 8**:

GEICO requested that Dr. Patrick "[i]dentify and describe how prescriptions (whether electronic or non-electronic) issued by [him] were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted [him] in that regard."

*Dr. Patrick responded that "[e]lectronic prescriptions were submitted through RXNT.com."*

This response is incomplete. Please clarify whether or not Dr. Patrick issued and transmitted any non-electronic prescriptions to the Pharmacy Defendants and, if so, state how those prescriptions were transmitted and who assisted in transmitting them to the Pharmacy Defendants.

**Interrogatory Nos. 15 and 17**:

GEICO requested that Dr. Patrick:

- "[i]dentify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provide or business that [Dr. Patrick] owned, in whole or in part";  and

- "[i]dentify all proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider, or business that [Dr. Patrick has] been employed by or performed work for, including dates of employment".

*Dr. Patrick objected to these demands on the grounds that they are "vague, overly broad and/or unduly burdensome and disproportionate to the needs of the case."*

RIVKIN RADLER  LLP

April 15, 2020
Page 4

Dr. Patrick's objections are without merit. This request is proper under Federal Rule of Civil Procedure 26 in that it is both relevant to GEICO's claims and proportional to the needs of the case. GEICO's request is precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for a multitude of medically unnecessary "pain relieving" prescriptions drug products, including topical compounded pain creams, topical pain gels, lotions and ointments and topical pain patches, as well as other medications (the "Fraudulent Pharmaceuticals") dispensed to individuals involved in automobile accidents and eligible for insurance by GEICO (the "Insureds"). GEICO further claims that the Prescribing Defendants routinely prescribe or purport to prescribe the Fraudulent Pharmaceuticals without regard to genuine patient care, but rather pursuant to fraudulent predetermined protocols and illegal, collusive arrangements with the Pharmacy Defendants which include receipt of financial kickbacks and incentives from the Pharmacy Defendants in exchange for prescriptions. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter and must be produced.

**Interrogatory No. 19**:

GEICO requested that Dr. Patrick "[i]dentify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distributions concerning [Dr. Patrick's] income and expenses have been made."

*Dr. Patrick objected to this demand on the grounds that it is "vague, overly broad and/or unduly burdensome and disproportionate to the needs of the case."*

Dr. Patrick's objections are without merit. This request is proper under Federal Rule of Civil Procedure 26 in that it is both relevant to GEICO's claims and proportional to the needs of the case. GEICO's request is precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for the Fraudulent Pharmaceuticals dispensed to Insureds. GEICO further claims that the Prescribing Defendants routinely prescribe or purport to prescribe the Fraudulent Pharmaceuticals without regard to genuine patient care, but rather pursuant to fraudulent predetermined protocols and illegal, collusive arrangements with the Pharmacy Defendants which include receipt of financial kickbacks and incentives from the Pharmacy Defendants in exchange for prescriptions. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter and must be produced.

Furthermore, information regarding financial records, such as those sought in the above requests, are discoverable to the extent that they will assist Plaintiffs in demonstrating that the Defendants' fraudulent scheme, and therefore, their financial gain, was dependent on those to whom they paid kickbacks.

RIVKIN RADLER  LLP

April 15, 2020
Page 5

"Evidence of a defendant's motive for participation in a fraudulent scheme is discoverable" and financial documents such as those sought in the instant matter "are discoverable to establish that motive." State Farm Mut. Auto. Ins. Co. v. Fayda, 14-CV-9792 (WHP)(JCF), 2015 U.S. Dist. Lexis 162164 (S.D.N.Y. 2015); citing, State Farm. Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2000) (financial records "may be relevant to establishing that defendants profited from their willingness" to order medically-unnecessary tests).

**Document Request Nos. 1-2**:

GEICO requested that Dr. Patrick produce the following:

- "[a]ll prescriptions [Dr. Patrick] signed, authorized, and/or issued concerning any Pharmaceutical, including Compounded Pain Creams"; and

- "[f]or each prescription that [Dr. Patrick] signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy."

*Dr. Patrick objected to these demands on the grounds that the demands seek to discover "medical records of patients other than those insured by Plaintiff GEICO, and therefore implicates HIPPA and related statutes protected* [sic] *patient identifying information." Dr. Patrick further objects to these demands because "such documents [for Insureds] are in GEICO's possession and control." Dr. Patrick further responded that despite these objections, he will produce "non-privileged prescriptions written for Pharmaceutical* [sic] *by Defendant during the period alleged in the Complaint, to the extent such documents exist and are in Defendants' possession."*

Dr. Patrick's objections are without merit. These requests are proper under Federal Rule of Civil Procedure 26 in that they are both relevant to GEICO's claims and proportional to the needs of the case. GEICO's requests are precisely tailored to lead to discoverable evidence, which is material and relevant to the claims set forth in GEICO's complaint. As alleged in GEICO's complaint, the Pharmacy Defendants entered into illegal, collusive agreements with the Prescribing Defendants who – in exchange for kickbacks – generated illusory and/or unnecessary prescriptions for the Fraudulent Pharmaceuticals that were directed to Wellmart Rx without regard for genuine patient care. GEICO's complaint further alleges that Wellmart Rx engages in illegal bulk compounding by specializing in producing and dispensing large quantities of topical compounded pain creams in set formulations (the "Fraudulent Compounded Pain Creams"), which are not approved by the United States Food and Drug Administration ("FDA"), without tailoring the medications to the individual needs of any individual patient, and without complying with state and effectiveness of mass produced drug products. Moreover, there is a a confidentiality order in place which was executed by all parties was so-ordered by Chief Magistrate Judge Roanne L. Mann on December 23, 2019. See Docket No. 67.  Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter, and must be produced.

RIVKIN RADLER  LLP

April 15, 2020
Page 6


**Document Request Nos. 3-6, 9, 19-24, 26-30, 32-36:**

GEICO requested that Dr. Patrick produce the following:

- "[f]or each prescription for a Pharmaceutical, including Compounded Pain Creams, [Dr. Patrick] signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative";

- "[a]ll Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to [Dr. Patrick]";

- "[a]ll documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded Pain Creams";

- "[a]ll communications, correspondence or documents concerning the creation of the formulations of any of the Compounded Pain Creams filled or dispensed by the Pharmacy";

- "[a]ll agreements between [Dr. Patrick] and the Pharmacy Defendants";

- "[a]ll brochures, catalogues, sales manuals, marketing materials, and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including the Compounded Pain Creams";

- "[a]ll agreements between [Dr. Patrick] and Metrocare Medical, P.C., or any other healthcare professional corporation or practice that treats insureds to whom [Dr. Patrick has] prescribed Pharmaceuticals";

- "[a]ll communications between [Dr. Patrick] and Metrocare Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dr. Patrick has] prescribed Pharmaceuticals";

- "[a]ll agreements between [Dr. Patrick] and any person concerning Metrocare Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dr. Patrick has] prescribed Pharmaceuticals";

- "[a]ll agreements between [Dr. Patrick] and the Prescribing Defendants";

- "[a]ll communications between [Dr. Patrick] and the Prescribing Defendants";

- "[a]ll agreements between [Dr. Patrick] and the Pharmacy Defendants";

RIVKIN RADLER  LLP

April 15, 2020
Page 7

- "[a]ll communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Metrocare Medical, P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C. and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals";

- "[a]ll documents and agreements with any person and/or entity that provides services for or on behalf of [Dr. Patrick] concerning Metrocare Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xoi) maintenance services and/or (xii) delivery services";

- "[a]ll communications between [Dr. Patrick] and any person that provides goods or services to Metrocare Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) health care staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services";

- "[a]ll documents concerning any authorization by [Dr. Patrick] given to anyone to sign [Dr. Patrick's] name or to apply a signature stamp or electronic signature of [Dr. Patrick's] name on any document that has been submitted to GEICO";

- "[a]ll documents concerning any authorization by [Dr. Patrick] given to anyone to prescribe Pharmaceuticals in [Dr. Patrick's] name";

- "[a]ll treatment plans prepared by [Dr. Patrick] for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug";

- "[a]ll documents demonstrating that the Compounded Pain Cream prescribed by [Dr. Patrick], and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same";

- "[a]ll documents concerning any and all training undertaken or received by [Dr. Patrick] concerning the prescription of compounded drugs and the formulations of compounded drugs";

- "[a]ll documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving [Dr. Patrick]"; and

RIVKIN RADLER  LLP

April 15, 2020
Page 8

- "[a]ll transcripts of any testimony given by [Dr. Patrick] (including but not limited to testimony given in connection with litigation, arbitrations or examinations under oath) by or on behalf of Metrocare Medical, P.C., or any other professional healthcare corporation that [Dr. Patrick has or has been] associated with, including all documents marked in connection with the testimony."

*Dr. Patrick responded that "[n]o responsive documents" in response to these demands exist in Dr. Patrick's possession, custody, or control.*

Dr. Patrick has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demand did not exit, have never existed, or whether they exist but are not in direct possession, custody of Dr. Patrick.

**Document Request Nos. 8, 14, 16-17**:

GEICO requested that Dr. Patrick produce the following:

- "[a]ll documents concerning communications between [Dr. Patrick] and any person concerning the Pharmacy Defendants";

- "[a]ll attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning [Dr. Patrick's] association and/or employment with any healthcare corporation or practice where [Dr. Patrick] prescribed any Pharmaceuticals, including any Compounded Pain Cream"; and

- "[a]ll K-2s, W-2s, and 1099s issued to or by [Dr. Patrick] concerning Metrocare Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dr. Patrick has] prescribed Pharmaceuticals."

*Dr. Patrick objected to these demands on the ground that the demands are "unduly vague, overbroad and disproportionate to the needs of the case."*

Dr. Patrick's objections are without merit. GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Further, the financial records, such as those requested in the above documents requests, are discoverable to the extent that they will assist Plaintiffs in demonstrating that the Defendants'

RIVKIN RADLER  LLP

April 15, 2020
Page 9

fraudulent scheme, and therefore, their financial gain, was dependent on those to whom they paid kickbacks. "Evidence of a defendant's motive for participation in a fraudulent scheme is discoverable" and financial documents such as those sought in the instant matter "are discoverable to establish that motive." State Farm Mut. Auto. Ins. Co. v. Fayda, 14-CV-9792 (WHP)(JCF), 2015 U.S. Dist. Lexis 162164 (S.D.N.Y. 2015); citing, State Farm. Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2000) (financial records "may be relevant to establishing that defendants profited from their willingness" to order medically-unnecessary tests). Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

**Document Request No. 12**:

GEICO requested that Dr. Patrick produce "[a]ll treatment records, re-evaluation reports, notes and accompanying patient reports for each patient whom [Dr. Patrick] prescribed Pharmaceuticals."

*Dr. Patrick objected on the grounds that the demand is "disproportionate to the case because such treatment records are in GEICO's possession, custody and control."*

Based on Dr. Patrick's response, it appears that he has misinterpreted GEICO's demand.  To clarify, GEICO is seeking records for *all* patients to whom Dr. Patrick prescribed Pharmaceuticals.  Therefore, Dr. Patrick's objections are without merit as these records are not in GEICO's possession, custody or control. The documents and information sought is plainly relevant and proportional to the needs of the instant matter, and must be produced.

*   *   *

Both Fed. R. Civ. P. 37(a)(2)(B) and E.D.N.Y. Local Civil Rule 37.3 require good faith efforts to resolve discovery disputes as a condition precedent to motion practice. This letter shall constitute a good faith effort on GEICO's behalf to avoid the need for judicial intervention.

We look forward to your prompt response.

Very truly yours,

RIVKIN RADLER LLP

*Jennifer Abreu*
Jennifer Abreu



**RIVKIN RADLER** LLP
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**JENNIFER ABREU**
(516) 357-3218
jennifer.abreu@rivkin.com

April 15, 2020

 **VIA ELECTRONIC AND REGULAR MAIL**
Abe George, Esq.
Law Offices of Abe George, P.C.
40 Wall Street, 60th floor
New York, NY 10005
abegeorgenyc@gmail.com

Re:     Government Employees Insurance Company, et al. v. Wellmart Rx Inc., et al.
          Docket No. 1:19-cv-04414 (KAM)(RLM)
          RR File No.:  005100-02794

Counselor:

We represent Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (together "GEICO") in the above-referenced matter. We are in receipt of the Interrogatory Responses and the Document Responses that you served on behalf of your client, Michael Jacobi, M.D. ("Dr. Jacobi"), in response to GEICO's First Set of Interrogatories and First Demand for Production of Documents (the "Discovery Demands").  As discussed below, numerous Interrogatory and Document Responses are deficient. This letter shall constitute GEICO's effort to "meet and confer" in good faith over these discovery disputes prior to seeking court intervention.

Please respond promptly so we can avoid unnecessary motion practice.

### Production of Documents

Initially, GEICO notes that Defendant has agreed to produce certain documents, albeit limited in scope, in response to various discovery demands made by GEICO. However, to-date, no documents have been provided.  Please advise when these documents will be produced.

Additionally, throughout its discovery responses, Dr. Jacobi repeatedly states that responsive documents are not in its "possession, custody or control".  Courts have held that under Federal Rule of Civil Procedure 34, a responding party's duty to disclose documents in its "possession, custody, or control" goes beyond items that are in the direct possession of the responding party, and includes any items that the responding party has the right or ability to obtain from the person with whom possession lies. See, New Falls Corp. v. Soni, 2018 U.S. Dist. LEXIS 111953 (E.D.N.Y. 2018)

RIVKIN RADLER  LLP

April 15, 2020
Page 2


Therefore, we expect that Dr. Jacobi will make a good faith effort to be forthcoming in responding to GEICO's Discovery Demands and comply with his duty to preserve and collect responsive materials beyond those that are within in his direct possession.

**Deficiencies in Dr. Jacobi's Responses**

**Interrogatory No. 1**:

GEICO requested that Dr. Jacobi "[d]escribe how [he] first became aware of each Pharmacy  Defendant and the reason(s) why [he] began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams."

*In response, Dr. Jacobi stated that "at a point in time before [he started] referring patients to Wellmart, Ruslan Nektalov came to [his] clinic and introduced himself and his services."*

This response is incomplete. Please supplement Dr. Jacobi's response to including the following:

- identify when Dr. Jacobi and Ruslan Nektalov's first meeting took place and describe how this meeting occurred;

- describe how Dr. Jacobi first become aware of  Defendant Simon Davydov ("Davydov"); and

- explain why Dr. Jacobi began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams.

**Interrogatory No. 2**:

GEICO sought that Dr. Jacobi "[i]dentify every person associated with Pharmacy Defendants that [he] personally communicated and [his] understanding of that person's duties and/or role with regard to the Pharmacy."

*Dr. Jacobi responded that "Ruslan Nektalov introduced himself as an owner of the pharmacy." Dr. Jacobi further responded that he mostly dealt with Wellmart Rx's pharmacists whose names he does not recall.*

This response is incomplete. Please clarify whether or not Dr. Jacobi had any communication(s) with Davydov and what Dr. Jacobi understands Davydov's duties or role to be with regard to the Pharmacy.

**Interrogatory Nos. 5 and 6:**

RIVKIN RADLER LLP

April 15, 2020
Page 3

GEICO sought that Dr. Jacobi:

- "[i]dentify each type or formulation of Compounded Pain Cream that [Dr. Jacobi] signed, authorized and/or issued a prescription for"; and

- "[f]or each type/formulation of Compounded Pain Cream prescribed by [Dr. Jacobi], identify who formulated or decided upon the particular combination of ingredients that makes up the compounded product as a whole".

*Dr. Jacobi responded that "to the best of [his] recollection, he only prescribed 220N or 220W compounded pain creams." Dr. Jacobi further responded that prior to using Wellmart Rx, he prescribed compounded pain creams to patients and discussed those formulations with the pharmacists at Wellmart Rx who then suggested that he prescribe "220N or 220W".*

This response is incomplete and needs further clarification. Please supplement Dr. Jacobi's response with the following:

- identify the formulations of the compounded pain creams that Dr. Jacobi identifies as "220N" and "220W"; and

- identify the type and/or formulations of the compounded pain creams that Dr. Jacobi prescribed prior to using Wellmart Rx and who formulated those particular combinations of ingredients.

**Interrogatory No. 7:**

GEICO requested that "[f]or each Compounded Pain Cream identified in response to Interrogatory No. 5, [Dr. Jacobi] identify any medical studies, research or literature supporting the efficacy of each, including but not limited to the efficacy of each in topical form."

*Dr. Jacobi responded that the "ingredients that are the building blocks for 220N or 220W compounded [pain creams] are ingredients that are well accepted in the medical field for pain."*

This response is incomplete. Please identify what ingredients Dr. Jacobi identifies as the "building blocks for 220N or 220W" compounded pain creams. Further, identify any medical studies, research or literature that supports Dr. Jacobi's statement that these ingredients are "well accepted in the medical field for pain".

**Interrogatory No. 8:**

RIVKIN RADLER  LLP

April 15, 2020
Page 4

GEICO requested that Dr. Jacobi "[i]dentify and describe how prescriptions (whether electronic or non-electronic) issued by [Dr. Jacobi] were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted [Dr. Jacobi] in that regard."

*Dr. Jacobi responded that he either faxed or electronically transmitted prescriptions to the Pharmacy Defendants. Moreover, Dr. Jacobi further responded that the "any receptionist at the front desk would fax it" for him.*

This response is not complete. Please identify the names of the receptionists that faxed prescriptions to the Pharmacy Defendants on behalf of Dr. Jacobi, and the professional corporations and clinic locations where each receptionist worked.

**Interrogatory Nos. 16 and 18**:

GEICO requested that Dr. Jacobi:

- "[s]tate whether [he] prescribed any compounded pain products to patients treating with each entity [he owned in whole or part] and identify the formulations of such products, including the pharmacy that compounded and dispensed them"; and

- "[f]or each entity or provider identified in response to [Interrogatory No. 16], state whether [he] prescribed any compounded drugs to patients treating at each entity and identify the formulations of such products and the pharmacy that compounded and dispensed them per [his] prescriptions".

*Dr. Jacobi responded that he "only prescribed 220N or 220W with Epione."*

This response is incomplete. Please identify every pharmacy that compounded and dispensed the compounded pain creams "220N" or "220W" to Epione Medical, P.C.'s patients. Further, clarify whether or not Dr. Jacobi prescribes any compounded pain cream(s) to patients at NYC Medical Treatment, P.C., Vascular Center or NY Vein Treatment Center and, if so, identify the formulations of those compounded pain creams and the pharmacies that filled those prescriptions.

**Interrogatory No. 21**:

GEICO requested that Dr. Jacobi "[i]dentify all instances in which [he] gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by [Dr. Jacobi] or on behalf of any professional entity."

RIVKIN RADLER  LLP

April 15, 2020
Page 5

*Dr. Jacobi objected to this request as "overbroad, vague, ambiguous, and unduly burdensome." Dr. Jacobi further objected to this request because "it seeks documents and/or information within Defendants'* [sic] *alleged records, custody and control."*

Dr. Jacobi's objection is without merit. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for a multitude of Fraudulent Pharmaceuticals dispensed to Insureds. Specifically, GEICO further alleges that the Defendants participate in illegal, collusive relationships in which the Pharmacy Defendants solicit and receive illegal prescriptions from the Prescribing Defendants in exchange for unlawful kickbacks and other financial incentives. Therefore, testimony regarding Dr. Jacobi's provision of healthcare goods and services is plainly relevant and proportional to the needs of the instant matter and directly related to the provision and billing of such healthcare services. Moreover, the request is not limited to instances in which GEICO requested the testimony (i.e., examinations under oath requested by GEICO) or instances in which GEICO was a party to the action.  Therefore, any objection that the information requested is within GEICO's possession is without merit.

**<u>Document Request Nos. 1-3</u>**:

GEICO requested the following:

- "[a]ll prescriptions [Dr. Jacobi] signed, authorized and/or issued concerning any Pharmaceutical, including Compounded Pain Creams";

- "[f]or each prescription [Dr. Jacobi] signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy"; and

- "[f]or each prescription for a Pharmaceutical, including Compounded Pain Creams, [Dr. Jacobi] signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative".

*Dr. Jacobi objected to the above demands on the grounds that they are "overbroad, vague, ambiguous, and unduly burdensome." Dr. Jacobi further objected on the grounds that the responsive demands and/or information are "within the Plaintiffs' alleged records, custody and control."*

Dr. Jacobi's objections are without merit. The requests are proper in that the demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent

RIVKIN RADLER  LLP

April 15, 2020
Page 6

Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. GEICO further alleges that Wellmart Rx engaged in mass production and dispensing of topical compounded pain creams in set formulations (the "Fraudulent Compounded Pain Creams"), which are not approved by the United States Food and Drug Administration ("FDA"), without tailoring the medications to the individual needs of any individual patient, and without complying with state and federal licensing requirements designed to ensure the quality, safety and effectiveness of mass produced drug products. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

**Document Request Nos. 4-5, 12, 21**:

GEICO requested that Dr. Jacobi produce the following documents:

- "[a]ll Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to [Dr. Jacobi]";

- "[a]ll documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded pain Creams";

- "[a]ll treatment records, evaluation reports, notes and accompanying patient records for each patient to whom [Dr. Jacobi] prescribed Pharmaceuticals"; and

- "[a]ll agreements between [Dr. Jacobi] and any person concerning Epione Medical, P.C. or any other healthcare professional corporation that treats insureds to whom [Dr. Jacobi has] prescribed Pharmaceuticals".

*Dr. Jacobi objected to these demands on the grounds that the demands are "overbroad, vague, ambiguous, and unduly burdensome."*

Dr. Jacobi's objections are without merit.  This request is proper in that the demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that Wellmart Rx engaged in mass production and dispensing of the Fraudulent Compounded Pain Creams, which are not approved by the FDA, without tailoring the medications to the individual needs of any individual patient, and without complying with state and federal licensing requirements designed to ensure the quality, safety and effectiveness of mass produced drug products. GEICO further alleges that the Pharmacy Defendants entered illegal, collusive agreements with the Prescribing Defendants who – without regard to genuine patient care and in exchange for kickbacks and other incentives from the Pharmacy Defendants – generated boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for Fraudulent Pharmaceuticals, including the Fraudulent

RIVKIN RADLER  LLP

April 15, 2020
Page 7

Compounded Pain Creams, often using labels, rubber stamps or preprinted template prescription forms generated and supplied to them by the Pharmacy Defendants in violation of law. Moreover, GEICO alleges that the Pharmacy Defendants provide the Prescribing Defendant with prescription forms, stamps and labels so as to make it as convenient as possible for them to authorize as many prescriptions as possible for the Fraudulent Pharmaceuticals, including the Compounded Pain Cream. Therefore, the documents and information sought is plainly relevant and must be provided.

**Document Request Nos. 6 and 31**:

GEICO requested the following:

- "[a]ll communications, correspondence or documents concerning the creation of the formulations of the Compounded Pain Creams filled or dispensed by the Pharmacy"; and

- "[a]ll studies and/or documents concerning any research studies, including any peer review and/or double blind studies or practices guidelines, regarding protocols for and/or the medical utility/value of any of Compounded Pain Cream, topical cream/gel/ointment and/or topical pain patches prescribed by [Dr. Jacobi]".

*Dr. Jacobi objected to the above demands on the grounds that they are "overbroad, vague, ambiguous, and unduly burdensome." Despite these objections, Dr. Jacobi stated he was not in possession of any of the requested documents."*

Dr. Jacobi's objections are without merit. The requests are proper in that the demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. GEICO further alleges that Wellmart Rx engaged in mass production and dispensing of Fraudulent Compounded Pain Creams, which are not approved by the FDA, without tailoring the medications to the individual needs of any individual patient, and without complying with state and federal licensing requirements designed to ensure the quality, safety and effectiveness of mass produced drug products. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Dr. Jacobi has a duty to preserve and collective responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in direct possession, control or custody of Dr. Jacobi.

RIVKIN RADLER  LLP

April 15, 2020
Page 8

**Document Request Nos. 13, 15,  23, 25-26, 35:**

GEICO requested the following:

- "[a]ll brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including Compounded Pain Creams";

- "[a]ll curriculum vitae or resumes for [Dr. Jacobi]";

- "[a]ll communications between [Dr. Jacobi] and the Prescribing Defendants";

- "[a]ll communications between [Dr. Jacobi] and the Pharmacy Defendants";

- "[a]ll communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, P.C., Metrocare Medical, P.C., Time to Care Medical, P.C., Gara Medical Care, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C. and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals"; and

- "[a]ll documents concerning any criminal, disciplinary, administrative or malpractice investigation or proceeding involving [Dr. Jacobi]".

*In response to each of the document requests above, Dr. Jacobi stated he was "not in possession of any such documents."*

Dr. Jacobi has a duty to preserve and collect responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in direct possession, control or custody of Dr. Jacobi.

**Document Request Nos. 14, 20, 27, 28:**

GEICO requested that Dr. Jacobi produce the following:

- "[a]ll attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning [Dr. Jacobi's] association and/or employment with any healthcare corporation or practice where [Dr. Jacobi] prescribed any Pharmaceuticals, including any Compounded Pain Cream";

RIVKIN RADLER  LLP

April 15, 2020
Page 9

- "[a]ll communications between [Dr. Jacobi] and Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dr. Jacobi has] prescribed Pharmaceuticals";

- "[a]ll documents and agreements with any person and/or entity that provides services for or on behalf of [Dr. Jacobi] concerning Epione Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) healthcare staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services"; and

- "[a]ll communications between [Dr. Jacobi] and any person that provides services for or on behalf of [Dr. Jacobi] concerning Epione Medical, P.C., including: (i) operation and/or management; (ii) marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) healthcare staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services".

*In response to each of the demands above, Dr. Jacobi alleges that the requests seek documents and information that is "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." Dr. Jacobi further objects to the demands on the grounds that the requests are "overbroad, vague, ambiguous, and unduly burdensome" and that GEICO is already in possession and/or has custody or control of several of the requested documents.*

Dr. Jacobi's objections are without merit. This request is proper in that it is both relevant to GEICO's claims and proportional to the needs of the case. GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for a multitude of Fraudulent Pharmaceuticals dispensed to Insureds. GEICO claims that the Defendants perpetuated that scheme by, among other things, entering into collusive arrangements in which the Pharmacy Defendants provided kickbacks or incentives to the Prescribing Defendants in exchange for prescriptions for the Fraudulent Pharmaceuticals including the Fraudulent Compounded Pain Creams which were illegally manufactured and dispensed by Pharmacy Defendants. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

**Document Request Nos. 16 and 17**:

GEICO requested that Dr. Jacobi produce the following documents:

RIVKIN RADLER  LLP

April 15, 2020
Page 10

- "[a]ll K-1s, W-2s, and 1099s issued to or by [Dr. Jacobi] concerning Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dr. Jacobi has] prescribed Pharmaceuticals"; and

- "[a]ll Federal, New York State, and New York City income tax returns prepared or filed by [Dr. Jacobi], including all attachments and schedules, during the time that [Dr. Jacobi was] associated with Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dr. Jacobi has] prescribed Pharmaceuticals".

*Dr. Jacobi objects to these demands on the grounds that the demands are "vague, overbroad and unduly burdensome." Further, Dr. Jacobi objects to these demands on the grounds that it requests tax returns, which are subject to quasi-privilege.*

Dr. Jacobi's objections are without merit. This request is proper in that it is both relevant to GEICO's claims and proportional to the needs of the case. GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams, pursuant to predetermined protocols and in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Furthermore, the financial records, such as those requested in the above documents requests, are discoverable to the extent that they will assist Plaintiffs in demonstrating that the Defendants' fraudulent scheme, and therefore, their financial gain, was dependent on those to whom they paid kickbacks. "Evidence of a defendant's motive for participation in a fraudulent scheme is discoverable" and financial documents such as those sought in the instant matter "are discoverable to establish that motive." State Farm Mut. Auto. Ins. Co. v. Fayda, 14-CV-9792 (WHP)(JCF), 2015 U.S. Dist. Lexis 162164 (S.D.N.Y. 2015); citing, State Farm. Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2000) (financial records "may be relevant to establishing that defendants profited from their willingness" to order medically-unnecessary tests).

**Document Request Nos. 32 and 33**:

GEICO requested that Dr. Jacobi provide:

- "[a]ll treatment plans prepared by [him] for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug

RIVKIN RADLER  LLP

April 15, 2020
Page 11

reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug"; and

• "[a]ll documents demonstrating that the Compounded Pain Cream prescribed by [Dr. Jacobi], and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same".

*Dr. Jacobi objected to these demands on the grounds that they are "overbroad, vague, ambiguous, and unduly burdensome." Despite his objections, Dr. Jacobi requested "a more specific request of the specific patient file" in order to produce the relevant documents for the above requests.*

Dr. Jacobi's objections are without merit. These demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. As alleged in GEICO's complaint, the Pharmacy Defendants entered into illegal, collusive agreements with the Prescribing Defendants who – in exchange for kickbacks – generated illusory and/or unnecessary prescriptions for the Fraudulent Pharmaceuticals that were directed to Wellmart Rx without regard for genuine patient care. Pursuant to fraudulent treatment and billing protocols, Prescribing Defendants generated boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for Fraudulent Pharmaceuticals, often using labels, rubber stamps or preprinted template prescription forms generated and supplied to them by the Pharmacy Defendants in violation of law. Moreover, while the request seeks documents pertaining to multiple patients, the requests seek specific documents pertaining to patients who have receive a prescription for a specific prescription – i.e., a prescription issued by Dr. Jacobi for a Compounded Pain Cream.   Therefore, the documents and information sought is unambiguous, are plainly relevant and proportional to the needs of the instant matter, and must be produced.

**Document Request Nos. 36 and 38**:

GEICO requested that Dr. Jacobi provide:

• "[a]ll transcripts of any testimony given by [Dr. Jacobi] (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) by or behalf of Epione Medical, P.C., or any other professional healthcare corporation that [Dr. Jacobi is or has] been associated with, including all documents marked in connection with the testimony"; and

• "[d]ocuments sufficient to identify all computer software, practice management systems, prescription-related software/systems that [Dr. Jacobi has] used in the course of Epione Medical, P.C., respective businesses, whether owned by [Dr. Jacobi] or not".

RIVKIN RADLER  LLP

April 15, 2020
Page 12

*Dr. Jacobi objected to these demands on the grounds that they are "overbroad, vague, ambiguous, and unduly burdensome." Dr. Jacobi further responded that GEICO is "already in possession of [these materials] from prior litigation."*

Dr. Jacobi's objections are without merit. These demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for a multitude of Fraudulent Pharmaceuticals dispensed to Insureds. Therefore, the documents and information sought is plainly relevant and directly related to the provision and billing of healthcare services and proportional to the needs of the instant matter. Moreover, please identify the "prior litigation" Dr. Jacobi refers to in his response to the above demands.

\*    \*    \*

Both Fed. R. Civ. P. 37(a)(2)(B) and E.D.N.Y. Local Civil Rule 37.3 require good faith efforts to resolve discovery disputes as a condition precedent to motion practice. This letter shall constitute a good faith effort on GEICO's behalf to avoid the need for judicial intervention.

We look forward to your prompt response.

Very truly yours,

RIVKIN RADLER LLP

*Jennifer Abreu*

Jennifer Abreu



**W W W . R I V K I N R A D L E R . C O M**

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**J E N N I F E R   A B R E U**
(516) 357-3218
jennifer.abreu@rivkin.com

April 15, 2020

**VIA ELECTRONIC AND REGULAR MAIL**
Abe George, Esq.
Law Offices of Abe George, P.C.
40 Wall Street, 60th floor
New York, NY 10005
abegeorgenyc@gmail.com

Re:     Government Employees Insurance Company, et al. v. Wellmart Rx Inc., et al.
          Docket No. 1:19-cv-04414 (KAM)(RLM)
          RR File No.:  005100-02794

Counselor:

We represent Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (together "GEICO") in the above-referenced matter. We are in receipt of the Interrogatory Responses and the Document Responses that you served on behalf of your client, Mihaela Dajdea, P.A. ("Dajdea"), in response to GEICO's First Set of Interrogatories and First Demand for Production of Documents (the "Document Demands"). As discussed below, numerous Interrogatory and Document Responses are deficient. This letter shall constitute GEICO's effort to "meet and confer" in good faith over these discovery disputes prior to seeking court intervention.

Please respond promptly so we can avoid unnecessary motion practice.

**Production of Documents**

Initially, GEICO notes that Defendant has agreed to produce certain documents, albeit limited in scope, in response to various discovery demands made by GEICO. However, to-date, no documents have been provided. Accordingly, please advise as to when the outstanding documents referenced in Defendant's responses will be produced.

Additionally, throughout its discovery responses, Dajdea repeatedly states that responsive documents are not in her "possession, custody or control". Courts have held that under Federal Rule of Civil Procedure 34, a responding party's duty to disclose documents in its "possession, custody, or control" goes beyond items that are in the direct possession of the responding party, and includes any items that the responding party

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

April 15, 2020
Page 2

has the right or ability to obtain from the person with whom possession lies. See, New Falls Corp. v. Soni, 2018 U.S. Dist. LEXIS 111953 (E.D.N.Y. 2018)

Therefore, we expect that Dajdea will make a good faith effort to be forthcoming in responding to GEICO's discovery demands and comply with its duty to preserve and collect responsive materials beyond those that are within in her direct possession.

## Deficiencies in Dajdea's Responses

**Interrogatory No. 1**:

GEICO requested that Dajdea "[d]escribe how [she] first became aware of each Pharmacy Defendant and the reason(s) why [she] began utilizing the Pharmacy Defendants to dispense any of the Pharmaceuticals, including the Compounded Pain Creams."

*Dajdea responded that Dr. Jacobi informed her of Wellmart Rx and the "advantages of Compounded Pain Creams."*

This response is incomplete. Please supplement Dajdea's response to include the following:

- identify when and how Dr. Jacobi informed Dajdea of Wellmart Rx;

- clarify why Dajdea began utilizing the Pharmacy Defendants when she learned from Dr. Jacobi about the "advantages of Compounded Pain Creams"; and

- describe how Dajdea first became aware of Ruslan Nektalov a/k/a Russ Netka ("Nektalov") and Simon Davydov ("Davydov").

**Interrogatory No. 3**:

GEICO requested that Dadjea "[i]dentify every person associated with [her] and/or [her] medical practice(s) that communicated with the Pharmacy Defendants."

*Dajdea responded that she "did not know anyone at the pharmacy."*

This response is incomplete. Please clarify whether or not anyone associated with Dadjea and/or her medical practice(s) communicated with the Pharmacy Defendants.

RIVKIN RADLER  LLP

April 15, 2020
Page 3

**Interrogatory Nos. 5 and 6:**

GEICO requested that Dajdea:

- "[i]dentify each type or formulation of Compounded Pain Cream that [she] signed, authorized and/or issued a prescription for"; and

- "[f]or each type/formulation of Compounded Pain Cream prescribed by [Dajdea], identify who formulated or decided upon the particular combination of ingredients that makes up the compounded product as a whole".

*Dajdea responded that she signed, authorized and/or issued a prescriptions for "220N or 220W compounded pain creams." Dajdea further responded that "Dr. Jacobi recommended creams for Defendant to prescribe."*

This response is incomplete.  Please supplement Dajdea's response with the following information:

- identify the formulations of the compounded pain creams that Dadjea identifies as "220N" and "220W"; and

- identify the person(s) and/or pharmacy that formulated or decided upon the particular combination of ingredients that makes up the "220N or 220W compounded pain creams" that Dr. Jacobi recommended Dajdea prescribe to patients.

**Interrogatory No. 8:**

GEICO requested that Dajdea "[i]dentify and describe how prescriptions (whether electronic or non-electronic) issued by [Dajdea] were transmitted to the Pharmacy Defendants, including but not limited to the names of personnel who assisted [Dajdea] in that regard."

*Dajdea responded that she either faxed or electronically transmitted prescriptions to the Pharmacy Defendants. Moreover, Dajdea further responded that "any receptionist at the front desk would fax it" for her.*

This response is not complete. Please identify the names of the receptionists at the front desk that fax prescriptions to the Pharmacy Defendants and the professional corporation and clinic location where each receptionist works.

RIVKIN RADLER  LLP

April 15, 2020
Page 4

**Interrogatory No. 19:**

GEICO requested that Dajdea "[i]dentify all bank accounts (with account numbers) into which or from which all deposits, transfers, or distributions concerning [Dajdea's] income and expenses have been made."

*Dadjea objected to the above demand on the grounds that it was "overbroad, vague, ambiguous, and unduly burdensome." Dajdea further objects on the grounds that the above demand seeks information that is irrelevant to Plaintiffs' claims and not reasonably calculated to lead to the discovery of admissible evidence.*

Dadjea's objections are without merit. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Furthermore, the financial records, such as those requested in the above documents requests, are discoverable to the extent that they will assist Plaintiffs in demonstrating that the Defendants' fraudulent scheme, and therefore, their financial gain, was dependent on those to whom they paid kickbacks. "Evidence of a defendant's motive for participation in a fraudulent scheme is discoverable" and financial documents such as those sought in the instant matter "are discoverable to establish that motive." State Farm Mut. Auto. Ins. Co. v. Fayda, 14-CV-9792 (WHP)(JCF), 2015 U.S. Dist. Lexis 162164 (S.D.N.Y. 2015); citing, State Farm. Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2000) (financial records "may be relevant to establishing that defendants profited from their willingness" to order medically-unnecessary tests).

**Interrogatory No. 21:**

GIECO requested that Dajdea "[i]dentify all instances in which [she] gave testimony (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) in connection with professional healthcare goods or services rendered by [Dajdea] or on behalf of any professional entity".

*Dadjea objected to the demand on the grounds that it was "overbroad, vague, ambiguous, and unduly burdensome." Dadjea further responded that the requested information was not within Defendant's control. Despite these objections, Dajdea responded that she was a witness in a civil deposition almost 10 years ago that was "not related to any medical practice."*

This response is incomplete. Please identify the caption of the above referenced civil matter.

RIVKIN RADLER  LLP

April 15, 2020
Page 5

**Document Request Nos. 1-3:**

GEICO requested that Dajdea produce the following:

- "[a]ll prescriptions [she] signed, authorized and/or issued concerning any Pharmaceutical, including Compounded Pain Creams";

- "[f]or each prescription [she] signed, authorized, and/or issued, documents reflecting that the prescription for the Pharmaceutical was sent to or filled by the Pharmacy"; and

- "[f]or each prescription for a Pharmaceutical, including Compounded Pain Creams, [Dajdea] signed, authorized, and/or issued, all communications with the applicable patient or the patient's representative".

*Dajdea objected to the above demands on the grounds that they are "overbroad, vague, ambiguous, and unduly burdensome." Dajdea further responded that the documents and information requested are within [Plaintiffs'] "alleged records, custody and control."*

Dajdea's objections are without merit. The requests are proper in that the demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and other incentives from the Pharmacy Defendants, without regard to genuine patient care. GEICO further alleges that Wellmart Rx engaged in mass production and dispensing of topical compounded pain creams in set formulations (the "Fraudulent Compounded Pain Creams"), which are not approved by the United States Food and Drug Administration ("FDA"), without tailoring the medications to the individual needs of any individual patient, and without complying with state and federal licensing requirements designed to ensure the quality, safety and effectiveness of mass produced drug products. Moreover, the request is not limited to GEICO patients and, as such, all responsive documents are not in GEICO's records, custody or control. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

**Document Request Nos. 4-5, 12:**

GEICO requested that Dadjea produce the following documents:

- "[a]ll Prescription Stamps/Labels, Prescription Forms and accompanying documents that the Pharmacy provided to [Dajdea]";

RIVKIN RADLER  LLP

April 15, 2020
Page 6

- "[a]ll documents, communications, agreements or correspondence concerning the use of Prescription Stamps/Labels and Prescription Forms to prescribe Pharmaceuticals, including the Compounded pain Creams"; and

- "[a]ll treatment records, evaluation reports, notes and accompanying patient records for each patient to whom [Dr. Jacobi] prescribed Pharmaceuticals".

*Dajdea objected to these demands on the grounds that the demands are "overbroad, vague, ambiguous, and unduly burdensome."*

Dajdea's objections are without merit. These requests are proper in that the demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO claims that the Pharmacy Defendants entered illegal, collusive agreements with the Prescribing Defendants who – without regard to genuine patient care – generated boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for Fraudulent Pharmaceuticals, often using labels, rubber stamps or preprinted template prescription forms generated and supplied to them by the Pharmacy Defendants in violation of law. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter and must be produced.

**Document Request Nos. 31 and 38:**

GEICO requested that Dadjea produce the following documents:

- "[a]ll studies and/or documents concerning any research studies, including any peer review and/or double blind studies or practice guidelines, regarding protocols for and/or the medical utility/value of any of the Compounded Pain Cream, topical cream/gel/ointment and/or topical pain patches prescribed by [Dadjea]"; and

- "[d]ocuments sufficient to identify all computer software, practice management systems, prescription-related software/systems that [Dajdea has] used in the course of Epione Medical, P.C., respective businesses, whether owned by [Dajdea] or not.

*Dajdea objected to the above demands on the grounds that they are "overbroad, vague, ambiguous, and unduly burdensome." Dajdea further responded that responsive documents are not in her possession or are already in Plaintiffs' possession.*

Dajdea's objections are without merit. The requests are proper in that the demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the

RIVKIN RADLER  LLP

April 15, 2020
Page 7

Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. GEICO further alleges that Wellmart Rx engaged in mass production and dispensing of Fraudulent Compounded Pain Creams, which are not approved by the FDA, without tailoring the medications to the individual needs of any individual patient, and without complying with state and federal licensing requirements designed to ensure the quality, safety and effectiveness of mass produced drug products. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

Dajdea has a duty to preserve and collective responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in direct possession, control or custody of Dajdea.

**Document Request Nos. 13, 19, 21, 23, 25-26, 35**:

GEICO requested that Dajdea produce the following:

- "[a]ll brochures, catalogues, sales manuals, marketing materials and related documents concerning the Pharmacy and/or any of their Pharmaceuticals, including the Compounded Pain Creams"

- "[a]ll agreements between [Dajdea] and Epione Medical, P.C., or any other healthcare professional corporation or practice that treats insureds to whom [Dajdea has] prescribed Pharmaceuticals";

- "[a]ll agreements between [Dajdea] and any person concerning Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dajdea has] prescribed Pharmaceuticals'"

- "[a]ll communications between [Dajdea] and the Prescribing Defendants";

- "[a]ll communications between [Dajdea] and the Pharmacy Defendants";

- "[a]ll communications between any of the Defendants and Epione Medical, P.C., City Anesthesia Healthcare, P.C., Frank Sauchelli, M.D., New York Pain Management Group, Neighborhood Medical Healthcare, P.C., Preferred Medical, P.C., Paramount Medical Services, P.C., Metro Pain Specialists, P.C., and any other healthcare professional corporation that treats insureds to whom any of the Prescribing Defendants have prescribed Pharmaceuticals"; "[a]ll documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving [Dajdea]";

RIVKIN RADLER  LLP

April 15, 2020
Page 8

*In response to each of the document requests listed above, Dajdea stated that "no such documents exist" or that she is "not in possession of any such documents."*

Dajdea has a duty to preserve and collective responsive materials and to make a good faith effort to be forthcoming in responding to GEICO's discovery demands. Please clarify whether documents responsive to these demands do not exist, have never existed, or whether they exist but are not in direct possession, control or custody of Dajdea.

**Document Request Nos. 16-18**:

GEICO requested that Dadjea produce the following documents:

- "[a]ll K-1s, W-2s, and 1099s issued to or by [Dajdea] concerning Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dajdea has] prescribed Pharmaceuticals"; and

- "[a]ll Federal, New York State, and New York City income tax returns prepared or filed by [Dajdea], including all attachments and schedules, during the time that [Dajdea was] associated with Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dajdea] prescribed Pharmaceuticals"; and

- "[a]ll bank records for any account (including checking, savings, and money market) held or maintained by [Dajdea] during the time that [Dajdea was] associated with Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dajdea has] prescribed Pharmaceuticals."

*Dajdea objects to these requests on the grounds that these demands are "vague, overbroad and unduly burdensome" and/or that the requests are irrelevant and "not reasonably calculated to lead to discovery of admissible evidence." Further, Dajdea objects to these demands on the grounds that it requests tax returns, which are subject to quasi-privilege.*

Dajdea's objections are without merit. These requests are proper under Federal Rule of Civil Procedure 26 in that they are both relevant to GEICO's claims and proportional to the needs of the case. GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

RIVKIN RADLER  LLP

April 15, 2020
Page 9

Furthermore, the financial records, such as those requested in the above documents requests, are discoverable to the extent that they will assist Plaintiffs in demonstrating that the Defendants' fraudulent scheme, and therefore, their financial gain, was dependent on those to whom they paid kickbacks. "Evidence of a defendant's motive for participation in a fraudulent scheme is discoverable" and financial documents such as those sought in the instant matter "are discoverable to establish that motive." State Farm Mut. Auto. Ins. Co. v. Fayda, 14-CV-9792 (WHP)(JCF), 2015 U.S. Dist. Lexis 162164 (S.D.N.Y. 2015); citing, State Farm. Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2000) (financial records "may be relevant to establishing that defendants profited from their willingness" to order medically-unnecessary tests).

**Document Request Nos. 14, 20, and 27:**

GEICO requested that Dajdea produce the following:

- "[a]ll attendance records, timesheets, personnel records, W-2 forms, W-9 forms, employment contracts, or corporation records concerning [Dajdea's] association and/or employment with any healthcare corporation or practice where [Dajdea] prescribed any Pharmaceuticals, including any Compounded Pain Cream";

- "[a]ll communications between [Dajdea] and Epione Medical, P.C., or any other healthcare professional corporation that treats insureds to whom [Dajdea has] prescribed Pharmaceuticals"; and

- "[a]ll documents and agreements with any person and/or entity that provides services for or on behalf of [Dajdea] concerning Epione Medical, P.C., including: (i) operation and/or management; (ii)  marketing; (iii) billing; (iv) collection; (v) advertising; (vi) clerical; (vii) administrative; (viii) consulting; (ix) healthcare staffing; (x) transportation; (xi) maintenance services and/or (xii) delivery services"

*In response to each of the demands above, Dajdea objected on the grounds the requests seek documents and information that is "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." Dajdea further objects to the demands on the grounds that the requests are "overbroad, vague, ambiguous, and unduly burdensome."  Moreover, Dajdea also claims that GEICO is already in possession and/or has custody or control of the requested documents, and that such documents are not within her possession.*

Dajdea's objections are without merit. These requests are proper in that they are both relevant to GEICO's claims and proportional to the needs of the case.  GEICO's requests are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of

RIVKIN RADLER  LLP

April 15, 2020
Page 10

dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for a multitude of Fraudulent Pharmaceuticals dispensed to Insureds. Specifically, GEICO alleges that the Defendants engaged in illegal, collusive arrangements in which the Prescribing Defendants routinely prescribed or purported to prescribe the Fraudulent Pharmaceuticals, including Compounded Pain Creams in exchange for financial kickbacks and incentives from the Pharmacy Defendants, without regard to genuine patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter and directly related to the provision of healthcare services.

**Document Request No. 28**:

GEICO requested that Dajdea produce "[a]ll communications between [her] and any person that provides goods or services to Epione Medical, P.C., including:

Dajdea's objections are without merit. The demand is precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO claims that the Pharmacy Defendants entered illegal, collusive agreements with the Prescribing Defendants who – without regard to genuine patient care – generated boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for Fraudulent Pharmaceuticals, often using labels, rubber stamps or preprinted template prescription forms generated and supplied to them by the Pharmacy Defendants in violation of law. The Defendants prescribe and dispense the Fraudulent Pharmaceuticals pursuant to predetermined fraudulent protocols designed to exploit the patients for financial gain, without regard for patient care. Therefore, the documents and information sought is plainly relevant and proportional to the needs of the instant matter.

**Document Request Nos. 32 and 33**:

GEICO requested that Dajdea provide:

- "[a]ll treatment plans prepared by [her] for any patient who was prescribed a Compounded Pain Cream and all documents reflecting why and when the drug was provided, any effects of the drug reported by the patient, and any changes made to the treatment plans for any patient prescribed such drug"; and

- "[a]ll documents demonstrating that the Compounded Pain Cream prescribed by [Dajdea], and filled or dispensed by the Pharmacy, were medically necessary, including, but not limited to, letters of medical necessity and any research performed to support the same".

*Dajdea objected to these demands on the grounds that they are "overbroad, vague, ambiguous, and unduly burdensome." Despite these objections, Dajdea requested "a more specific request of the specific patient file" in order to produce the relevant documents for the above requests.*

RIVKIN RADLER  LLP

April 15, 2020
Page 11

Dajdea's objections are without merit. These demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. As alleged in GEICO's complaint, the Pharmacy Defendants entered into illegal, collusive agreements with the Prescribing Defendants who – in exchange for kickbacks – generated illusory and/or unnecessary prescriptions for the Fraudulent Pharmaceuticals that were directed to Wellmart Rx without regard for genuine patient care. Pursuant to fraudulent treatment and billing protocols, Prescribing Defendants generated boilerplate, formulaic, illusory and/or medically unnecessary prescriptions for Fraudulent Pharmaceuticals, often using labels, rubber stamps or preprinted template prescription forms generated and supplied to them by the Pharmacy Defendants in violation of law. Moreover, while the request seeks documents pertaining to multiple patients, the requests seek specific documents pertaining to patients who have received a prescription for a specific prescription – i.e., a prescription issued by Dajdea for a Compounded Pain Cream. Therefore, the documents and information sought is unambiguous, are plainly relevant and proportional to the needs of the instant matter, and must be produced.

**<u>Document Request Nos. 36 and 38</u>**:

GEICO requested that Dajdea provide:

- "[a]ll transcripts of any testimony given by [Dajdea] (including but not limited to testimony given in connection with litigation, arbitrations, or examinations under oath) by or behalf of Epione Medical, P.C., or any other professional healthcare corporation that [Dajdea is or has] been associated with, including all documents marked in connection with the testimony"; and

- "[d]ocuments sufficient to identify all computer software, practice management systems, prescription-related software/systems that [Dajdea has] used in the course of Epione Medical, P.C., respective businesses, whether owned by [Dajdea] or not".

*Dajdea objected to these demands on the grounds that they are "overbroad, vague, ambiguous, and unduly burdensome." Dajdea further responded that GEICO is "already in possession of [these materials] from prior litigation."*

Dajdea's objections are without merit. These demands are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's Complaint. GEICO's request are not overbroad and are precisely tailored to lead to discoverable evidence which is material and relevant to the claims set forth in GEICO's complaint. Specifically, GEICO claims that the Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by submitting, or causing to be submitted, thousands of fraudulent claims seeking payment for a multitude of Fraudulent Pharmaceuticals dispensed to Insureds. Therefore, the documents and information sought is plainly relevant and directly related to the provision and billing of healthcare services and proportional to the needs of the

RIVKIN RADLER  LLP

April 15, 2020
Page 12

instant matter. Moreover, please identify the "prior litigation" Dajdea refers to in his response to the above demands.

\*     \*     \*

Both Fed. R. Civ. P. 37(a)(2)(B) and E.D.N.Y. Local Civil Rule 37.3 require good faith efforts to resolve discovery disputes as a condition precedent to motion practice. This letter shall constitute a good faith effort on GEICO's behalf to avoid the need for judicial intervention.

We look forward to your prompt response.

Very truly yours,

RIVKIN RADLER LLP

*Jennifer Abreu*

Jennifer Abreu

| | |
|---|---|
| **From:** | Jennifer Abreu |
| **Sent:** | Wednesday, May 13, 2020 5:02 PM |
| **To:** | 'Nicholas Bowers' |
| **Cc:** | Michael A. Sirignano; Priscilla Kam |
| **Subject:** | RE: [EXTERNAL] GEICO v. Wellmart Discovery Responses |

Good Afternoon Nick,

I am following up on our meet and confer conference call from yesterday. Below are some of the issues we discussed regarding the outstanding discovery and the deficiencies in your clients' responses to GEICO's Discovery Demands.

During the call, you indicated that your client, Defendant Claudia Geris, P.A. ("Geris") does not have access to patient records because she is solely an employee physician assistant. Nonetheless, you indicated that Geris will check and see whether she can gain access to these records. Please provide an update regarding patient records as soon as you have this information.

Further, unlike Geris, you indicated that your client, Defendant Vivienne Etienne, M.D. ("Dr. Etienne") has custody and control of patient records, which are all paper files. However, you explained that Dr. Etienne cannot currently access these records because they are kept in a storage facility and she has concerns with retrieving the files due to COVID-19.  As discussed, please clarify whether the storage facility is open or closed, and whether there are any additional issues that would prevent and/or delay the retrieval of these records.

Lastly, we extensively discussed the deficiencies in your clients' interrogatory responses. As per our discussions, you will provide amended and/or supplemental responses for Geris and Dr. Etienne within the next two to three weeks. This will also include the verification for Dr. Etienne, which has not yet been provided.

Please let me know if you have any questions or concerns.

Regards,

| | |
|---|---|
| **From:** | Jennifer Abreu |
| **Sent:** | Wednesday, June 03, 2020 6:14 PM |
| **To:** | 'Mark L. Furman' |
| **Cc:** | Michael A. Sirignano; Priscilla Kam |
| **Subject:** | GEICO v. Wellmart Rx - Defendant Patrick Outstanding Discovery |

Good Afternoon Mr. Furman,

I am following up on our telephone call on May 21, 2020 regarding the outstanding discovery from your client, Defendant Andrew Patrick, M.D. ("Defendant Patrick").

As discussed during our call, Defendant Patrick's most recent response dated May 12, 2020 to GEICO's Discovery Demands does not address document request no. 17 which requests all Federal, New York State, and New York City income tax returns prepared or filed by him. Further, although you communicated your client's intent to produce *some* patient records, namely, patient records for GEICO insureds, we have not received any records or information as to when your client expects to produce them. You stated that you were unaware of whether your client kept electronic or paper patient files which could impact the time to produce said records.

Please provide updates regarding the issues we discussed.

Regards,

Jennifer



**Please note to reduce the quantity of paper coming into our offices during the Coronavirus crisis when our staff is working remotely, we request that all communications with this office should be through electronic means. Your cooperation is appreciated.**



Jennifer Abreu

| | |
|---|---|
| **From:** | Jennifer Abreu |
| **Sent:** | Tuesday, June 09, 2020 9:51 AM |
| **To:** | 'Abe George' |
| **Cc:** | Michael A. Sirignano; Priscilla Kam |
| **Subject:** | RE: GEICO v. Wellmart Rx. - Defendants Jacobi/Dajdea |

Good Morning,

Since my last email, *over a month ago*, we have <u>not received</u> any responsive documents to GEICO's Discovery Demands which were served on October 31, 2019.

Further, Defendants Dr. Jacobi and Dajdea continue to disregard the deficiencies in their written responses as discussed in our letters dated April 15, 2020.

Please promptly provide documents in response to GEICO's Discovery Demands and address the deficiencies in your clients' written responses.

Regards,

Jennifer

**Please note to reduce the quantity of paper coming into our offices during the Coronavirus crisis when our staff is working remotely, we request that all communications with this office should be through electronic means. Your cooperation is appreciated.**



**Jennifer Abreu**
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3218 T 516.357.3000 F 516.357.3333
Jennifer.Abreu@rivkin.com
www.rivkinradler.com

 

---

**From:** Jennifer Abreu <Jennifer.Abreu@rivkin.com>
**Sent:** Tuesday, May 5, 2020 10:31 AM
**To:** 'Abe George' <abegeorgenyc@gmail.com>
**Cc:** Michael A. Sirignano <michael.sirignano@rivkin.com>; Priscilla Kam <Priscilla.Kam@rivkin.com>
**Subject:** RE: GEICO v. Wellmart Rx. - Defendants Jacobi/Dajdea

Dear Counselor:

I am following up on my previous email regarding the outstanding discovery.

Your clients' responses were served on February 13, 2020, *over two months ago*, and we still have not received any responsive documents to GEICO's Discovery Demands. As Judge Mann made clear in her order of April 14, 2020, we are fully expected to continue to move forward with this case, including discovery obligations.

Please promptly provide responsive documents to GEICO's Discovery Demands and address the deficiencies in your clients' responses as discussed in our letters dated April 15, 2020.

Regards,

Jennifer


**Please note to reduce the quantity of paper coming into our offices during the Coronavirus crisis when our staff is working remotely, we request that all communications with this office should be through electronic means. Your cooperation is appreciated.**



Jennifer Abreu
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3218 T 516.357.3000 F 516.357.3333
Jennifer.Abreu@rivkin.com
www.rivkinradler.com



---

**From:** Jennifer Abreu
**Sent:** Wednesday, April 15, 2020 1:48 PM
**To:** 'Abe George'
**Cc:** Michael A. Sirignano; Priscilla Kam
**Subject:** GEICO v. Wellmart Rx. - Defendants Jacobi/Dajdea

Dear Counselor,

Please see the attached correspondence regarding your clients' – Defendants Michael Jacobi M.D. and Mihaela Dajdea, P.A. – responses to GEICO's First Set of Interrogatories and First Request for Production of Documents.

Regards,

Jennifer Abreu

**Please note to reduce the quantity of paper coming into our offices during the Coronavirus crisis when our staff is working remotely, we request that all communications with this office should be through electronic means. Your cooperation is appreciated.**



Jennifer Abreu
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3218 T 516.357.3000 F 516.357.3333
Jennifer.Abreu@rivkin.com
www.rivkinradler.com

