

**GTPC**  **GARY TSIRELMAN P.C.**

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

7/10/2020

BY ECF
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Government Employees Insurance Company, et al., v. Wellmart Rx, Inc., et al.,* **Index No. 19-cv-4414; Opposition and Response to Plaintiffs' Motion to compel**

Dear Judge Mann:

    We write on behalf of Defendants Claudia Geris, P.A., and Viviane Etienne, M.D., ("GTPC Defendants") in response to Plaintiffs' motion to compel dated July 1, 2020.

    In this matter, Plaintiffs accuse GTPC Defendants of prescribing compounded medications dispensed by Defendant Wellmart Rx, Inc. ("Wellmart"). Although the Court is no doubt familiar with this type of No-Fault insurance lawsuit, Plaintiffs' Complaint is novel insofar as several of the so-called "Prescribing Defendants," including GTPC Defendants, do not own or control professional corporations at which the challenged prescription were written but are instead employees of non-party professional corporations under the control of a non-party medical professional[1]. Despite this, Plaintiffs' discovery demands seek a litany of documents regarding the Non-Party Employers from GTPC Defendants. This confused GTPC Defendants and led to delays in determining what documents, exactly, over which GTPC Defendants had possession, custody and control. Ultimately, GTPC Defendants determined the bulk of the documents demanded by Plaintiffs, including medical records for Plaintiffs' insureds, were not in GTPC Defendants' possession, custody, or control.

    GTPC Defendants timely responded to Plaintiffs' demands in January after agreed-upon extensions due to the holidays and counsel's personal travel out of state, well before the onset of the pandemic. *See* Affidavit of Service annexed hereto as **Exhibit A**. Unfortunately, counsel had not yet finished a complete review of GTPC Defendants' documents before Governor Cuomo ordered that New York residents should shelter in place and non-essential businesses close on March 20, 2020. Between that date and the tentative reopening in late June, counsel did not have

---

[1] GTPC Defendants are or were employees of Preferred Medical, P.C., and Paramount Medical, P.C., both of which are owned by Dr. Jonathan Landow, M.D. ("Non-Party Employers")

access to GTPC Defendants' documents. Counsel mistakenly believed the shelter in place order would be lifted and based representations to Plaintiffs on that mistaken belief. The undersigned contacted Plaintiffs' counsel on July 7, 2020, and discussed production issues in this case and indicated a plan to produce outstanding documents. Counsel today produced all documents in Ms. Geris's possession, custody, or control responsive to Plaintiffs' demands to which Ms. Geris did not object. Counsel plans to do the same for any amended discovery responses and Dr. Etienne's documents by July 17, 2020.

Due to a miscommunication between counsel and Dr. Etienne, until this week counsel mistakenly believed that Dr. Etienne was prevented by the pandemic shutdown of non-essential businesses from accessing patient files for Plaintiffs' insureds for whom she prescribed compounded medications. That is not the case; the documents at issue are under the control of the Non-Party Employers. Plaintiffs are well aware of the identity the Non-Party Employers as evidenced by repeated references to them in Plaintiffs' discovery demands. GTPC Defendants will nevertheless specify which documents are in the possession, custody, and control of the Non-Party Employers in their amended discovery responses.

Thank you for your attention to this letter.

Cc: All Counsel via ECF

Respectfully,
/s/ _____
Nicholas Bowers, Esq.
*Counsel for Parties Named Herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201